Judgment reversed and a <em>venire facias de novo</em> awarded.

# Borough of Millerstown *versus* Frederick.

1. Under Article IX., Section 8, of the Constitution, and the Act of April 20th, 1874, P. L. 65, a municipal corporation may incur a debt or increase its existing debt to an amount not exceeding 2 per centum, upon the assessed valuation of the taxable property therein, provided that the whole indebtedness would not thereby exceed 7 per centum of that valuation. To go beyond this limit the assent of the electors must first, be obtained. A bond issued by said municipal corporation to fund a debt incurred contrary to said provisions of the Constitution, is worthless.

2. A *bona fide* holder of a negotiable municipal bond, issued contrary to the provisions of the Constitution and the statutes in relation to the same, cannot maintain an action against the corporation on it.

3. The issuing of bonds by a municipal corporation to fund a debt, only a portion of which is beyond the Constitutional limit, is an entire and indivisible transaction, and the whole issue of bonds is therefore invalid.

October 18th, 1886. Before GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., absent.

[Millerstown v. Frederick.]

ERROR to the Court of Common Pleas of *Butler county:*
Of October Term, 1886, No. 6.

. This was an appeal by the borough of Millerstown from a
judgment of a justice of the peace in an action of debt on a
bond of $100 issued by said borough, wherein B. Frederick
was the plaintiff, and the said borough of Millerstown was the
defendant. Pleas, *nil debet, non est factum.*

Prior to the year 1874, the borough of Millerstown had no
debts, but began to contract debts soon after the new Con-
stitution took effect, in January, 1874, and at the date of the
passage of the Act of April 20, 1874, the indebtedness of the
borough did not exceed $500. Between the 20th of April,
1874, and the issue of the bond in suit, the borough had
incurred or created a large indebtedness of upwards of $9,000,
and the bond in suit, with others, was issued by the alleged
authority of the town council of the Borough to cover or
fund said indebtedness. Prior to the issue of bonds the
Burgess of the Borough filed in the court of Quarter Sessions
of Butler county, a paper purporting to be a statement of the
actual indebtedness of the borough, the last preceding assess-
ed valuation of the taxable property, the amount of proposed
increase of debt, the number and form of bonds, pursuant to
the Act of 20th of April, 1874, which said statement did not
give the real indebtedness of the borough, but an amount much
below the real indebtedness. The indebtedness, $4,332,74,
of the Borough as shown by the statement of the Burgess
filed, all of which, except perhaps about $500, was created
after the new Constitution took effect in January, 1874, and
the passage of the Act of April 20, 1874, was more than two
per cent. of $72,529, the last assessed valuation of the taxable
property of said borough. Said indebtedness as above set
forth was created without giving the electors of said borough
an opportunity to vote thereon, or give their assent to such
increase of indebtedness, as provided in the 3d section of the
Act of April 20, 1874, and section eight of article nine, of the
Constitution. After incurring this indebtedness without the
approval of the electors of the borough, the town council, by
resolution dated November 14th, 1874, determined to increase
the indebtedness $744.29, and issue bonds to cover the entire
indebtedness, including said increase, pursuant to which resolu-
tion the bond in suit, with others, was issued.

On the trial the defendant offered " to prove by competent
testimony and to the satisfaction of the jury, that on the first
of January, 1874, when the Constitution of Pennsylvania took
effect, the Borough of Millerstown was not indebted in any
sum, actual or imaginary." Objected to. Objection sustain-
ed and bill sealed for defendant. ( First assignment of error.)

2. To prove by the same testimony and to the same effect, that on the 20th of April, 1874, the Borough of Millerstown was not in debt actual, legal or illegal, to a sum exceeding five hundred dollars. Objected to. Objection sustained and bill of exceptions sealed for defendant. (Second assignment of error.)

3. To show by the same satisfactory and conclusive testimony that the indebtedness referred to by the Burgess in the paper on file in the Quarter Sessions and in evidence here, was created and formed by the Borough of Millerstown between the 20th of April, 1874, and the 20th day of November of the same year, when the statement of the Burgess was filed at Quarter Sessions, No. 4, January Term, 1875.

This for the purpose of showing:

First. That there was no indebtedness, legal and actual, on the part of the borough at the time this paper of the Burgess was filed, the resolution of the board passed, and the bonds issued.

And second, To show that the indebtedness mentioned in the statement of the Burgess as a result necessary from the fact proposed to be proved was an illegal debt for which the borough was not responsible, which had been made in violation of the law and Constitution, and that the action of the common council in issuing the bond in suit, with others, was illegal, did not bind the borough, and gave the holder of said bond no right of action against the borough; and in short to show that the verdict of the jury, under the charge of the court, must be in this case and now in favor of defendant. Objected to. Objection sustained and bill sealed for defendant. (Third assignment of error.)

4. Defendant offers to prove, further, that no election was held, nor did the electors or taxpayers of the borough of Millerstown authorize this debt, or express their willingness to incur it, or to increase it, nor had they notice or knowledge of it, otherwise than by the action of the town council, based, as alleged, upon the statement of the Burgess filed in the Quarter Sessions of this county.

The plaintiff makes the following general objections to the foregoing offer, to wit:—

The council of the borough of Millerstown, having, by resolution entered on their minutes, resolved to fund the present floating indebtedness of the borough of Millerstown, allowed to be funded by the seventh section of the Act of 1874, and to increase the debt of said borough, in an amount not exceeding two per cent., or the amount allowed by the said Act of 1874; and, in pursuance of said resolution, having directed the Burgess, the chief officer of said borough, whose duty it was,

[Millerstown *v.* Frederick.]

under said Act of 1874, to ascertain, settle and prepare a statement showing what the indebtedness authorized to be funded by said Act was; having prepared the statement which said Act required, and having verified it and filed it according to law, setting forth that the floating indebtedness which the council had resolved to fund, by virtue of the Act of 1874, was the sum of 4,332.74; the valuation, $72,559; the said statement is conclusive upon said borough in the suit brought on the bond issued in pursuance of the resolution of council, and the statement prepared and filed under the Act of 1874, and cannot be contradicted or explained away when the suit is brought by the *bona fide* purchaser for value, who had a right to presume that all the directions of said Act had been duly and legally performed; and nothing in the said statement was illegal and fraudulent.

Objection sustained and bill sealed for the defendants. (Fourth assignment of error.)

The defendant presented the following point:

That upon the face of the pleadings and the testimony in the case, and especially upon the fact that the real defence was excluded, and particularly the fact that the bond is payable at the office of the treasurer of the borough of Millerstown, and there being no demand made there, nor the bond presented there for payment, the suit is premature, and the plaintiff cannot recover.

Answer of the court.    This is refused.    (Fifth assignment of error.)

The court directed the jury to find a verdict for the plaintiff.

Verdict for the plaintiff in the sum of $144.35 and judgment thereon, whereupon the defendant took this writ and filed the above assignments of error.

*John M. Thompson (S. F. Bower* with him), for plaintiff in error.—The single question presented is this: " Can a borough legally incur indebtedness since 1874, exceeding two per cent. of its last valuation, without the knowledge or consent of its inhabitants, and is a bond executed by the borough, to fund such debt, binding upon the people of the borough?"

In answering this question, Kerr *v.* the City of Corry, 14 W. N. C., 277; Wheeler *v.* Philadelphia, 27 P. F. S., 538, and kindred authorities are valueless.    In those a very different principle was involved.    In these, so far as involving the principles of this case, the question was one of excess of a clear power.    In our case there was an absolute absence of power. If Millerstown had, like Corry and Williamsport, power to make bonds, and had made too many, then the cases would be

[Millerstown v. Frederick.]

more nearly alike. In our case we deny the right, deny the power to issue a bond, for any amount whatever. We do not complain that these were issued beyond and after exhausting legal right to issue some, but we deny that the borough had at the time the bond in suit was issued, the right to make a bond at all. The conditions precedent to such action were not observed but wholly ignored.

The inhabitants had the power to authorize a debt, in the mode and manner prescribed, but the corporate officers alone possessed no such power, yet they assumed it and acted.

*J. D. Bredin* and *George R. White*, for defendant in error.— The defendants offered to prove that the indebtedness referred to by the Burgess was created and formed by the borough between April 20th, 1874, and November 20th, 1874, when the statement was filed, without a vote of the people, and was therefore illegal, as it exceeded two per cent. This offer was rejected by the court, and we think rightly. The resolution of the town council and the Burgess used the exact words of the Act of Assembly. They were acting by its authority, and of course they meant as near as words can be made to mean, that they were not trying to fund an illegal debt, but only the debt allowed to be funded by the Act. The Burgess' statement stated that it was the actual indebtedness; that is, as we understand the words, the real, true and legal indebtedness, as distinguished from an untrue, supposed or illegal indebtedness, which we suppose one which had been contracted in violation of the Constitution and the Act of Assembly would have been, and which the Burgess is presumed to have rejected when he prepared the statement, as he is presumed to have done his duty. In addition to this he was the agent of the borough, and if he made any mistake in the calculation or committed any fraud the borough ought to bear it and not innocent bond holders who have paid their money relying on the truth of the statement.

In conclusion we wish to say that this case is similar to the case stated in Middletown *v.* Commissioners of Allegheny Court, 1 Wright, 237. That where one agent was able to prove bad manners or fraud to another agent the principal could repudiate the contract and retain the money and goods without account,—a principle which the Supreme Court said ought not to be looked for in a court of justice.

It differs from the Kerr *v.* Corry case, we believe, only in this, that the debt funded was perfectly legal and valid.

Mr. Justice CLARK delivered the opinion of the Court, November 15th, 1886.

[Millerstown *v.* Frederick.]

It does not appear that at the time the defendants' offers of evidence were made, the refusal of which is assigned for error, any witness was called, or that any instrument of evidence was actually produced, competent to establish the facts contained therein; but as no objection was made on that ground, we must assume that the defendants had the means of proof at hand, and that the facts are as the defendants allege them to be. We think, too, that it was proper for the defendants, by any competent proof, to establish the facts set forth in these several offers; the effect of the evidence was to deny the power of the municipality of Millerstown borough to issue the bonds, and if there was no power to issue them, they are of course utterly unwarranted and worthless in the hands of the holders. If, when the present constitution came into operation, the borough of Millerstown was, in point of fact, not indebted in any sum whatever, or, at all events, was not indebted in a sum exceeding $500, the indebtedness, which is conceded to have existed on the 20th November, 1874, was greatly in excess of the constitutional limit, and was for that reason in great part unauthorized by law; and, as the bond in suit is one of a series issued to fund that invalid debt, it could create no binding obligation upon the borough of Millerstown.

The municipality might, under the eighth section of the ninth article of the Constitution, incur a debt, or increase its existing debt, to an amount not exceeding two per centum upon the assessed valuation of the taxable property therein (Wheeler *v.* Philadelphia, 27 P. F. S., 538), provided, that the whole indebtedness would not thereby exceed seven per centum of that valuation; this was the constitutional limit of the power possessed by the municipal authorities. To go beyond this limit, they must procure the assent of the electors in the manner pointed out by the Constitution and the laws of the state.

The last preceding assessed valuation of the taxable property of the borough of Millerstown was $72,529.00; therefore, if any debt existed at the time the constitutional provision took effect, the borough officers might increase that debt to an amount not exceeding two per centum of this valuation, that is to say, in the sum of $1,450, provided that the debt would not thereby exceed seven per centum of the valuation; if there was at that time no existing indebtedness, they might incur a debt or increase the debt since accrued to the sum of $1,450, and in either event this was the extent of their power.

By the statement filed, however, we find that the indebtedness actually existing at the time the bonds were issued was $4,332.74, and it is not anywhere stated that any part of this debt existed when the present Constitution came into effect.

Now if it be true, as the defendants offered to show, that on the 1st January, 1874, the borough of Millerstown was not indebted in any sum whatever, and that at the time of the passage of the Act of April 20th, 1874, the indebtedness did not exceed $400.00; it follows, of necessity, that all of the debt of $4,332.74, in excess of $1,450, was incurred without any authority of law, and was without any binding obligation upon the borough of Millerstown.

Bonds were subsequently issued to the amount of $5,077.03, which swelled the indebtedness of the borough to the extreme constitutional limit; and thus within the space of a single year, without the assent of the electors, and without any authority of law, the borough was burdened with a debt to the amount of seven per centum upon all the taxable property therein.    This was the very evil which the constitutional provision was intended to prevent.    The municipal officers had no power to create such a debt, and they could not by any contrivance, whatever, bind the borough for payment of it.    It is, of course, impossible to distinguish the valid from the invalid portion of the debt secured by the bonds; the transaction involved in the issue of the bonds is entire and indivisible, and, therefore, the whole is invalid: Felson's Trustees v. Hines, 5 Barr, 452.

It may be said, however, that the bonds being negotiable in form, the holders are entitled to protection as *bona fide* purchasers for value, and upon this branch of the case we are referred to Kerr v. City of Corry, 14 W. N. C., 277, and kindred cases.    We must distinguish, however, between the mere misapplication of the bonds of a municipality, issued under proper authority of law to objects not authorized, and the issue of bonds without any authority whatever.

In Kerr v. City of Corry, *supra*, the power of the City of Corry to issue the paper was not called in question.    The question then was not one of power, but rather the effect of the perversion of a lawful power, in the application of the bonds to an unlawful purpose.    "If the councils of the City of Corry," says the court in that case, "had no power to issue the bonds in controversy, then, without regard to their form they would be as worthless as so much blank paper; and the operative legal principle here mentioned applies as well to a natural person and to a private corporation as to a municipality.    If one receives the negotiable paper of another, purporting to have been executed by an agent, it is not enough to show that they came to hand in the regular course of business, and that the holder gave a valuable consideration for it, for this is of no avail, unless it be first shown that the alleged agent had authority to execute it."

[Millerstown *v.* Frederick.]

But if this were not so, we do not think the holder of these bonds can be considered *bona fide* purchasers for value.  The Act of 20th April, 1874, provides, that before issuing any such obligation, it shall be the duty of the officers of the municipality to prepare a statement, under oath, showing the actual municipal indebtedness; the amount of the last preceding assessment; the amount of debt to be incurred; the form, number, and date of maturity of the obligations to be issued therefor, and the amount of the annual tax levied and assessed to pay the same; which statement they are required to file in the office of the clerk of the Court of Quarter Sessions of the proper county : and certified copies thereof are made competent evidence in all the counties of the Commonwealth. Such a statement was filed by the Burgess of the borough of Millerstown to the Court of Quarter Sessions of Butler county. The statement is *ex parte* only; there is no adjudication upon it, the statute authorizes none; it is filed for the information of all who may have any interest to examine it.  As the duty of filing it is imposed upon the officer as a personal duty, subjecting him, for failure therein, to severe penalties, no question of estoppel can arise from the inadequacy of the statement, as against the municipality itself.

The purchasers of these bonds were bound to know that such a statement ought there to have been found; its absence would justly give rise to the gravest apprehensions that the bonds were improperly issued, and they are therefore affected with notice, not only of that which this record disclosed, but also of that which by the terms of the statute it should have disclosed.  It was apparent, from this record, that the indebtedness of this borough was greatly in excess of the amount allowed by law, unless that debt, or a great portion of it, existed when the provisions of the present constitution attached, or was incurred with the assent of the electors, and there was certainly no legal presumption that either the one or the other of the facts existed.

There was enough upon the face of this record, in view of the rigid and exacting provisions of the Constitution and the laws of the state, affecting the power of municipal corporations, to have put any prudent man upon inquiry; and proper inquiry would have led to a full discovery of the fact, if it be as alleged, that the debt funded in these bonds, had been created in utter disregard of the law, and that there was, therefore, no binding obligation upon the borough of Millerstown for payment thereof.

.The judgment is reversed, and a *venire facias de novo* awarded.