## CAMPBELL v. LACLEDE GAS COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

Submitted November 15, 1886. — Decided December 13, 1886.

A statute of Missouri authorized United States patents for lands within the State to be recorded, and provided that a certified copy of the patent should be received as *prima facie* evidence of the contents of the patent. In the record of a patent recorded under the provisions of this act, it appeared that there was a seal in due form, and that the instrument was perfect in every respect. No seal appeared in the record of the same patent in the General Land Office in Washington. The original patent not being in the possession or under the control of either party to the action : *Held,* That the presumption of law is that all that is found in either copy was in the original; that any important matter found in one which was not in the other was due to an accidental omission; and, that the *prima facie* case made by the record from Missouri was not over-come by the record from the General Land Office.

Section 891 of the Revised Statutes providing that authenticated copies of records in the General Land Office shall be " evidence equally with the originals thereof " does not mean that in all cases the copy should have the same probative force as the original instrument, but that it should be regarded as of the same class, in the grades of evidence, as to written or parol, and primary and secondary.

This was an action to try the title to real estate in Missouri. The case is stated in the opinion of the court.

*Mr. Leverett Bell* for plaintiffs in error.

*Mr. C. Gibson* and *Mr. C. E. Gibson* for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

The writ of error in this case, directed to the Supreme Court of Missouri, brings up for review the following judgment:

"Levina Campbell, Frank H. Murray and Annie L. Murray, his wife, and Charles J. January and Annie E. January, his wife, Respondents,

$v.$

The Laclede Gas-Light Company, Appellant, and the City of St. Louis.

Appeal from the St. Louis Court of Appeals.

"Now at this day come again the parties aforesaid, by their respective attorneys, and, consenting that this court may proceed to render such judgment as to them may seem proper upon the record herein, it is therefore considered and adjudged by the court, that the plaintiffs' cause of action was at the commencement of this suit absolutely barred by the Missouri statute of limitations, and that the plaintiffs are not entitled to the rights claimed by them under the act of Congress approved June 6th, 1874, entitled 'An Act for obviating the necessity of issuing patents for certain private land claims, and for other purposes;' and the judgment of the St. Louis Court of Appeals, and the judgment of the St. Louis Circuit Court herein, are reversed and held for naught; and it is ordered, adjudged, and decreed that the plaintiffs take nothing by this action, and that said defendant shall recover of the plaintiffs its costs in this behalf expended, and have execution therefor."

The question on which the jurisdiction of this court depends is whether the title to the land in controversy passed from the United States by the act of Congress of June 6th, 1874, referred to in this judgment, 18 Stat. 62, in which case the statute of limitations was no bar, or by a patent issued March 26th, 1824, to Pierre Chouteau, in which case it was a bar.

The question is still further narrowed because it depends upon whether the patent issued to Chouteau had the seal of the United States for the General Land Office impressed upon it. The patent itself was not in evidence, but the defendant, who relied upon the statute of limitations, produced a certified copy of the patent from the United States to Chouteau from

the office of the recorder of deeds of St. Louis County, made in that office in 1847, in which copy a seal in due form appears, and the instrument is perfect in every respect. The law of Missouri on the subject of the recording of patents for lands lying within that State is found in §§ 3826 and 3827 of the Revised Statutes of that State. They are as follows:

"SECTION 3826. All patents for land lying within the State of Missouri, granted to any person or persons by the President of the United States or the governor of this State, may be recorded in the office of the recorder of the county in which the lands are situated.

"SECTION 3827. All copies of patents so recorded, or which may have heretofore been recorded, duly certified by the recorder under his official seal, shall be received in all courts in this State as *prima facie* evidence of the contents of such patents."

The record shows that the original patent was not in the possession or under the control of either party to this action. It is not denied that the copy produced from the office of the recorder of deeds makes a *prima facie* case of the transfer of the title from the United States to Chouteau in 1824. The plaintiff, however, undertook to impeach the validity of this copy by producing from the records of the General Land Office in Washington City a copy of the patent as there recorded. This copy is without a seal, and to make sure that this was not an accidental omission of the officer making the copy from the records of the land office, a letter of the Commissioner of that office, written at the time the copy was made, is produced, in which he says that he, himself, has examined with care the record from which the copy was taken and that no seal appears therein. He suggests, however, that while it is probable that the seal of the General Land Office was affixed to the patent, there is no authority to correct the record of it in the absence of said patent.

The case was tried without a jury, and judgment rendered for the plaintiffs. This judgment was affirmed, as the record states, *pro forma,* in the Court of Appeals, but was reversed by the Supreme Court, and judgment rendered for the defendant, as already cited.

It might be a question of some doubt whether this is not merely a decision of all these courts as to a matter of fact, in regard to which this court has no supervision over the judgment of the Supreme Court of the State of Missouri. But as the question really is, at what time the statute of limitations began to run in favor of the defendant, and as that depends upon whether the instrument called the patent to Chouteau is a valid patent, and as we concur in the opinion of the Supreme Court of Missouri on that subject, we think its judgment ought to be affirmed.

That the State of Missouri had a right to pass the statute which makes the record in the offices of that State of a patent from the United States *prima facie* evidence of the contents of that patent, does not seem to be doubted. Indeed, it was a very wise and needful provision; for without it the title to large quantities of land, which rested primarily in the patents from the United States, might be very difficult to establish by evidence of that title. By this statute parties were enabled to place this evidence in permanent form upon the records of the counties in which the land was situated, at the same time giving notice to all the world of their claim to such land. This record of the Chouteau patent being, therefore, authorized by a valid law, we see no reason why a transcript of it is not of as much actual value as evidence of the original patent, as a transcript from a similar record made at Washington City. In each instance the record is but the copy of the same instrument, made by different persons, who must be supposed to be equally honest, equally careful, and, therefore, equally accurate in the record which they made of the original. If there is found to be a variance in the two copies thus produced, it would naturally be supposed that all that is found in either copy was in the original, and that any important matter found in one copy which was not found in the other was due to an accidental omission, rather than that it was an accidental insertion of matter not in the original paper. Counsel for defendant argues that it is fairly to be inferred that there was a seal to the original patent, and that its record was accidentally omitted, because this patent, like all others, contains in

the testimonium the language of the President, that "I have caused these letters to be made patent, and the seal of the General Land Office to be hereunto affixed." Whatever force might be given to this language as evidence that there was a seal to the original is lost by reason of the failure to incorporate either one of the transcripts in the record of the case as it comes to us.

The case of *McGarrahan* v. *Mining Company*, 96 U. S. 316, 323 — so far from sustaining the doctrine claimed by counsel for plaintiffs in error, that the act of Congress, Rev. Stat. § 891, making certified copies from the books of the Commissioner of the General Land Office evidence equally with the originals, makes the copy in this case with the seal omitted conclusive against the record from the St. Louis office — recognizes the fact that there is nothing in the statute, either express or implied, which forbids a party from showing by extrinsic proof, otherwise legitimate, what the contents of the lost original really were, when it is shown that the record itself, or the transcript from it, is not a true copy; and it further holds that the party is not necessarily deprived of his rights on account of the defective record in the General Land Office.

The words "evidence equally," as used in the act of Congress, were not intended to mean that *in all* cases the copy should have the same probative force as the original instrument, but that it should be regarded as of the same class, in the grades of evidence, as to written and parol, and primary and secondary. It could not have been intended to say that when the existence of the instrument is conceded, but a question arises as to some particular word or figure, the copy would be as convincing as the original.

On the whole, we are of opinion that the *prima facie* case made by the record of the patent in the recorder's office of St. Louis County is not overcome by what purports to be a copy of the same from the records of the General Land Office in Washington, and that the judgment of the Supreme Court of Missouri must be

*Affirmed.*