CITY OF WESLACO, TEX., v. PORTER et al.

No. 6069.

Circuit Court of Appeals, Fifth Circuit.

Feb. 13, 1932.

Rehearing Denied March 11, 1932.

Carl G. Stearns, of Houston, Tex. (Fulbright, Crooker & Freeman, of Houston, Tex., Griffin & Kimbrough, of McAllen, Tex., and M. L. Dew, of Weslaco, Tex., on the brief), for appellant.

Alex F. Weisberg, of Dallas, Tex. (Thompson, Knight, Baker & Harris, of Dallas, Tex., on the brief), for appellees.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action on instruments purporting to be interest-bearing funding warrants, payable to bearer, of the city of Weslaco, a Texas municipal corporation, the appellant, issued pursuant to an ordinance of that city adopted July 20, 1926, authorizing the issue of funding warrants, payable to bearer, in the sum of $50,000 in lieu of the same amount of general indebtedness warrants issued by that city, dated July 15, 1926. The appellant denied that the instruments sued on were ever issued by it, or by officers authorized by law to issue such instruments; denied that the alleged ordinance purporting to authorize the issue of the instruments sued on was ever passed, ordered, or ordained by appellant, or by its city commission, as required by law, and denied that the alleged ordinance purporting to authorize the issuance of warrants dated July 15, 1926, was ever passed, ordered, or ordained by the appellant, or by its city commission, as required by law. Each of the instruments sued on contained the following: "And it is hereby certified and recited that all acts, conditions and things required to be done precedent to and in the issuance of this warrant, have been properly done, happened and performed, in regular and due time, form and manner, as required by law, and that the total indebtedness of said City, including this warrant, does not exceed the constitutional or statutory limitation." The declaration as amended contained allegations to the effect that the warrants provided for by the ordinance of July 15, 1926, which were exchanged for the funding warrants, a part of which were sued on, were issued and delivered to one O. O. Norwood, in payment for services rendered by him in bringing about the funding of $225,-000 of street improvement and waterworks warrants issued by appellant into bonds for the same principal amount, but bearing a lower rate of interest and maturing later than the warrants for which the bonds were substituted.

In the trial there was evidence to the following effect: The entire issue of warrants purported to be provided for by the alleged ordinance of July 20, 1926, was sold by O. O. Norwood on July 27, 1926, to a corporation located at Wichita, Kan., for 90 cents on the dollar after that corporation had been furnished a certified copy of purported proceedings of the appellant in reference to such issue, and the opinion of a lawyer as to the legality and validity thereof. The certified copy so furnished included what purported to be a copy of minutes of a meeting of the commission of appellant held on July 20, 1926, at which was adopted an ordinance authorizing the issue of such warrants, that purported ordinance setting out the form of the authorized warrants, the instrument sued on being in that form. The purported copy of such minutes was by M. F. Armstrong, Jr., then clerk of appellant, certified to be "the full, true and correct copy of the minutes of the Board of Commissioners of said City, showing all proceedings had by said Board in connection with the passage of the ordinance therein mentioned as the same appears of record in Book 1, page 230, et seq., of the minutes of said Board, and that the copy of said ordinance as contained in said minutes is a true and correct copy of the ordinance as passed by said Board of Commissioners." An officer of the corporation which bought said warrants, who acted for it in making the purchase, stated that he believed to be true the recitals contained in the documents submitted, and relied upon the signatures on the certificates, the attestations, and recitals of officials of appellant appearing in and upon such papers and documents. That corporation sold the instruments sued on to the appellee J. H. Porter, on July 27, 1926, for 100

cents on the dollar. Porter testified that he examined the warrants he bought and read the recitals therein at the time he bought them and before he paid for them, and that he believed the recitals in the warrants to be true, and that so believing he relied on what the warrants said, and on the signatures of the city officials and the seal of the city appearing on the warrants. In July, 1926, the governing body of the appellant was a commission composed of J. H. Herold, who was the mayor, and two other commissioners, J. L. Compere and Dar Ratliff. Compere and Ratliff each testified that no meeting of the city commission was held on July 15, 1926, that no such ordinances as the purported one of July 15, 1926, and the purported one of July 20, 1926, were ever offered, voted on, or passed at any meeting of the commission of the appellant, and that neither of them ever heard of either of those purported ordinances until documents in the form of minutes of such commission showing the adoption of such ordinances were discovered subsequent to April, 1927. In July, 1926, there was in existence, and in the custody of appellant's then clerk, a bound volume having in its back the figure "1" and the words "Record of Ordinances." That book contained no copy of the above-mentioned purported ordinances, and those instruments were not copied in any book furnished by appellant or in possession of its clerk. In July, 1926, that official had in his possession a book in which were entered minutes or memoranda of proceedings of the city commission of appellant. That book did not contain a copy of either of the above-mentioned purported ordinances or any mention of or reference to either of them. It contained no mention of a meeting of the commission on July 15, 1926. It contained the following: "Regular Meeting July 20, 1926, present Mayor Herold, Commissioners Ratliff and Compere. Bills allowed." There was no evidence tending to prove that prior to July 15, 1926, the appellant by formal corporate action or otherwise had any agreement or contract with O. O. Norwood as to his rendering any services to or for appellant or as to appellant paying him for services rendered in getting warrants exchanged for bonds or for anything else. When M. F. Armstrong, Jr.'s, term of office as clerk of appellant expired he did not deliver to his successor in office or to any other official of appellant any book or paper showing or indicating the passage or existence of either of the above-mentioned purported ordinances. After he ceased to be clerk unrecorded and unbound typewrit-

ten instruments in the form of minutes of meetings on July 15, 1926, and July 20, 1926, of the commission of appellant, signed by its mayor and attested by its clerk, and purporting to show the adoption of said purported ordinances, were discovered in the law office of said Armstrong by an auditor engaged in investigating the liabilities of appellant under an employment by the commissioners of appellant who succeeded those who were in office in July, 1926. Subsequently two other typewritten instruments similar to the just mentioned ones were found in the same law office. Herold and Armstrong, respectively the mayor and clerk of appellant, in July, 1926, as witnesses for appellee, testified that the above-mentioned purported ordinances of July 15 and July 20, 1926, were passed as indicated by the typewritten instruments purporting to be minutes of meetings of the commission on those dates. The latter stated: "There was no such page 230 in Book 1, as is stated in my certificate, but I simply in making out this certificate estimated where I thought the record would be when I permanently transcribed it in there; I know I didn't." After setting out the evidence, the bill of exceptions states: "During the progress of the case from time to time, and in due time, plaintiff objected to any and all evidence offered tending to vary or contradict the recitations contained in the ordinance of July 20th, 1926, or tending to vary or contradict the recitations in the warrants in evidence, or tending to vary or contradict by parol the contents in recitations of fact contained in the minutes of July 20th, 1926, certified copy of which was introduced in evidence, for the reasons that the city, under the facts in the case, is estopped to deny the truth of the recitations in each and every one of the documents above referred to, and for the further reason that the recitations and contents of the minutes referred to cannot be varied or contradicted by parol evidence. Each of said objections was by the Court overruled and the testimony objected to in each instance was admitted and the plaintiff allowed an exception, the Court stating that he had not definitely decided as to the admissibility of such testimony but was just letting it go into the record and at the conclusion of the testimony would take such action with or regarding such testimony as he should decide appropriate under the law. At the conclusion of the testimony the Court held such evidence insufficient to constitute a defense to plaintiff's cause of action." Following the making of a motion by the plaintiff that the jury be

instructed to return a verdict in his favor, the court stated: "I have concluded that, irrespective of whether these Commissioners voted for the ordinance or did not vote for the ordinance, irrespective of all those contentions which the defendant had been making, that the plaintiff in the case, by the undisputed proof, and his predecessor, bought these warrants and paid for them in reliance upon the fact that they had been duly and legally issued, and that the City is estopped to defeat the warrants in the hands of these persons who have taken them innocently. On that account I have reached the conclusion that none of the matters which the defendant had offered in evidence constitute any defense to these warrants in the hands of Porter, the plaintiff in this suit, and I instruct the Jury to find a verdict for the plaintiff for the four warrants sued on."

■ The passage or adoption of the purported ordinance of July 20, 1926, was not shown in the way prescribed by law. By statute the clerk of appellant was required to "keep accurate minutes of the proceedings thereof in a book to be provided for that purpose, and engross and enroll all laws, resolutions and ordinances of the City" commission " * * * take charge of and preserve and keep in order all the books, records, papers, documents and files of said" commission, etc. Revised Civil Statutes of Texas, 1925, arts. 1000, 1161. The language of the quoted statute indicates a purpose to require the adoption or passage of a municipal ordinance to be shown by formal entry in a book provided for that purpose, evidently it being contemplated that such book would be kept where the durable and outstanding evidence of municipal action furnished thereby would be conveniently accessible to members of the governing body of the municipality and to the public generally. That statute indicates that it was not contemplated by the lawmakers that an unbound unrecorded typewritten document, signed by the clerk of a municipality, purporting to set out proceedings of a meeting of the governing body thereof at which a purported ordinance copied therein was adopted, would be given effect as conclusive evidence of the adoption of such an ordinance. The enactment of that statute is hardly consistent with the existence of a legislative intention to permit such a document, kept as shown by the evidence, to be treated as conclusive proof of the legal existence of a municipal ordinance. The rule against admitting, in a collateral proceeding, parol evidence to vary or contradict a record, when regular and complete on its face, is not reasonably applicable to such a document, which cannot properly be regarded as the permanent authentic evidence of municipal action which is provided for by law. Jones Commentaries on Evidence (2d Ed.) § 1732.

■ Though the passage of a municipal ordinance is not evidenced in the manner provided for by law, parol evidence is admissible to show that that action was actually taken where a statute does not purport to make the validity of the action of the municipality's governing body dependent upon it being recorded. Denver & R. G. R. R. v. Ariz. & Col. R. R., 233 U. S. 601, 34 S. Ct. 691, 58 L. Ed. 1111; 19 R. C. L. 903. An alleged unrecorded municipal ordinance cannot properly be held established without clear evidence thereof. Chippewa Bridge Co. v. Durand, 122 Wis. 85, 103, 99 N. W. 603, 106 Am. St. Rep. 931. The passage of the alleged ordinance of July 20, 1926, was not conclusively established by the certified copy which was introduced in evidence. A Texas statute provides that: "Copies of the records and filed papers of all public officers and custodians of records of minutes of boards, etc., * * * certified under the hand, and the seal if there be one, of the lawful possessor of such records, shall be admitted as evidence in all cases where the records themselves would be admissible." Revised Civil Statute of Texas, 1925, art. 3720. That statute does not purport to make a certified copy provided for conclusive evidence of the existence of the paper or record certified to. It indicates that existence of a power to make a certified copy is dependent upon the existence of a genuine original. Such a certificate has accorded to it the sanctity of a deposition, being prima facie evidence of the existence of the paper or record certified to. It is not conclusive evidence. United States v. Wiggins, 14 Pet. 334, 346; 10 L. Ed. 481; United States v. Acosta, 1 How. 24, 11 L. Ed. 33; Campbell v. Laclede Gaslight Co., 119 U. S. 445, 7 S. Ct. 278, 30 L. Ed. 459; United States v. Brelin (C. C. A.) 166 F. 104. . The certificate relied on was not a higher grade of evidence than the testimony of a competent witness. Smithers v. Lowrance, 100 Tex. 77, 82, 93 S. W. 1064; 2 Wigmore on Evidence (2d Ed.), § 1273. Admittedly the certificate was false in so far as it referred to a book record which did not exist. The record indicates that the above-mentioned ruling was a result of the court according conclusive effect to the documentary evidence of the adoption of the alleged ordinance of July 20, 1926. In view

of the other evidence adduced, of the same grade as the certified copy relied on, but tending to prove that what was certified to as a copy of an ordinance adopted on July 20, 1926, was a counterfeit, which never was voted on or adopted by appellant's governing body, that documentary evidence was not entitled to be accorded conclusive effect.

The rule that a municipality may be bound by recitals or representations made pursuant to authority conferred by its governing body does not have such effect as to enable its executive official or officials to bind it by recitals or representations the making of which its governing body did not authorize or ratify. The appellant was not estopped to controvert its liability under the instruments sued on if its governing body did not authorize or ratify the issue or execution of those instruments or the making of the recitals or representations contained therein. Peck v. City of Hempstead, 27 Tex. Civ. App. 80, 65 S. W. 653; Brown v. Bon Homme County, 1 S. D. 216, 46 N. W. 173. In the absence of appellant's mayor being authorized to do so by appellant's governing body, shown by minutes of a meeting of it, that official could not bind the appellant by signing and issuing the instruments sued on. City of Antonio v. French, 80 Tex. 575, 16 S. W. 440, 26 Am. St. Rep. 763; Wagner v. Porter (Tex. Civ. App.) 56 S. W. 560. Purchasers of the instruments sued on took the risk of the genuineness thereof, and those instruments imposed no liability on appellant if the officials who signed and issued them were not duly authorized by the appellant to do so. The instruments were not genuine if they were signed and issued without lawful authority. Anthony v. County of Jasper, 101 U. S. 693, 698, 699, 25 L. Ed. 1005. There being competent evidence tending to prove that appellant's mayor and its clerk in signing and issuing the instruments sued on acted fraudulently and without authority of appellant's governing body, that what the last-mentioned official certified to be a copy of recorded minutes of proceedings of a meeting of appellant's governing body was a counterfeit, and that appellant's governing body, instead of ratifying such unauthorized acts, denied liability thereunder with reasonable promptness after being informed thereof, the conclusions that under the evidence appellant could not controvert its liability under the instruments sued on, and that the evidence required a verdict in favor of the appellee, were not warranted.

We conclude that the above-mentioned ruling was erroneous. Because of that error the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.