Sanders & Scott, of Amarillo, and Forrester & Adkins, of Wheeler, for appellants.

Reynolds & Heare, of Shamrock, and Wallace & Wallace, of Cameron, for appellee.

## CITY OF WHEELER et al. v. SOUTHWESTERN LLOYDS.

### No. 4383.

Court of Civil Appeals of Texas. Amarillo.

March 18, 1935.

Rehearing Denied April 8, 1935.

JACKSON, Justice.

The appellee, Southwestern Lloyds, a Texas corporation, instituted this suit against the appellant, the city of Wheeler, a municipal corporation, on six sewer equipment warrants dated May 7, 1930, each in the principal sum of $500, and bearing interest at the rate of 6 per cent. per annum.

The appellee alleged that the warrants were issued and delivered by the city to the Sanitary Appliance Company, Inc., pursuant to a contract of date May 7, 1930, by the terms of which the city purchased from said company certain patented Sanitary appliances, which are fully described; that said appliances were delivered, and on about June 4, 1930, the city council in session did, by resolution, accept said Sanitary appliances, reaffirmed the contract of purchase and directed the issuance and delivery of the warrants.

sued on. That at the time appellee purchased such warrants a transcript of all the proceedings of the city council pertaining to the contract, the ordinances relative to the acceptance of said appliances, the delivery of said warrants, and levying a tax to pay the interest as it accrued and to create a sinking fund to pay the warrants as they matured, duly certified by the proper officers, were exhibited to it by the Sanitary Appliance Company, Inc., together with said warrants duly executed. That upon the faith thereof the warrants were purchased for a valuable consideration, and appellee is now the owner thereof, by reason of all of which the city is estopped to deny the facts shown in said transcript. That the city duly and legally enacted proper ordinances ratifying the contract, authorizing the issuance of the warrants and to levy a tax as provided by law to discharge the annual interest as it accrued and to create a sinking fund for the payment of such warrants as they matured.

That warrant No. 1 has been paid; that the principal of warrant No. 2 was due May 1, 1932, Nos. 3 and 4 on May 1, 1933, No. 5 on May 1, 1934, upon all of which the accrued interest is unpaid. That the interest upon warrants Nos. 6 and 7 is due and the principal thereof will be due on May 1, 1935.

That the city is in default, has repudiated said warrants and advised appellee of its action. That on account of such repudiation appellee is entitled to treat warrants Nos. 6 and 7 as due and collect the principal and interest thereof in this suit. That if the court should hold that it is not entitled to collect warrants Nos. 6 and 7 at this time, then it is entitled to have the validity of said warrants determined in this suit. That because of the repudiation of said warrants, and the failure of the officers of the city to comply with their official duty and collect the taxes to pay the interest and create a sinking fund as provided, appellee sought a writ of mandamus, directing and requiring the officials of the city to discharge their duty and assess, collect, and receive the taxes as provided by said ordinance, and to pay appellee's warrants from the proceeds thereof.

In the alternative, appellee, on sufficient allegations, sought to recover the value of the Sanitary appliances involved on a quantum meruit.

The appellant answered by general demurrer, general denial, and a plea of two years' limitation to the allegations seeking to recover under the plea of quantum meruit.

At the close of the testimony, on motion of appellee, the court held there was no fact issues, discharged the jury, and adjudged "upon the undisputed evidence" that appellee was "entitled to recover * * * upon warrants Nos. 2, 3, 4 and 5," both principal and unpaid interest, and also the past-due and unpaid interest on warrants Nos. 6 and 7; that said last-named warrants were valid and should be paid by the city, with interest, at their maturity. He directed the city and its officers in his decree to levy and collect taxes to the limit provided by law for the year 1934 and for each succeeding year until appellee's debt, aggregating the sum of $3,818.75, with interest thereon, was paid; that a writ of mandamus issue to the city officers and their successors, commanding them to faithfully discharge and comply with said judgment.

The appellant challenges as error the action of the court in withdrawing the case from the jury and rendering judgment against it, since the contract and warrants imposed a burden, a "debt," upon the revenues of the city for future years, and hence the court, under the evidence, was not authorized to hold, as a matter of law, that provision had been made by the city to assess and collect annually a sufficient tax to pay the interest upon the warrants and create a sinking fund to discharge the principal thereof.

After Mr. H. D. Winn, a former salesman of the Sanitary Appliance Company, Inc., testified that he negotiated the sale of the Sanitary appliances to the city and was present on May 7, 1930, and saw the contract for the purchase thereof executed, and was present and saw the ordinance ratifying the contract passed and signed on June 4, 1930, the appellee demanded that the city produce volume 2 of the city records and the original minutes and documents of the city pertaining to the transaction of the purchase and sale of the Sanitary equipment.

The books, records, minutes and documents of the city were tendered and properly identified by Mr. C. E. Weatherly, the city secretary. He testified there was no minute book designated as volume 2; that he had searched the records and files of the city and found no resolution, ordinance, or minutes assessing and ordering the collection of an annual tax to pay the interest on and create a sinking fund to discharge the warrants involved in this controversy, but that he had found, in an old letter file of the city, a document, with the name of the former city secretary, J. E. Wheeler, and the seal of the city attached

thereto, which purported to be copies of the contract, ordinances ratifying the same, accepting the appliances and assessing and levy-ing such tax. This document was offered in evidence by appellee, but excluded by the court, and the contents thereof are not disclosed by this record.

At this stage of the proceedings the court permitted appellee, over appellant's objection, to introduce the transcript furnished it by the Sanitary Appliance Company, Inc., purporting to show proceedings of the city council on May 7 and June 4, 1930, relative to the contract, the ordinances in connection therewith, and the levy for the year 1930 and each succeeding year of a tax sufficient to pay the interest and create a sinking fund to retire said warrants at their maturity. This certified copy of the transcript discloses that the purported tax ordinance was passed and approved on May 7, 1930. The certificate of the city secretary thereto was as follows:

"I, the undersigned City Secretary of the City of Wheeler, Texas, hereby certify that the foregoing is a true and correct copy of an ordinance passed by the City Council of the City of Wheeler held at the City Hall in said City on the 7th day of May, 1930, which ordinance is recorded in Book 2 page 3, et seq., of the Minutes of said City Council.

"Given under my hand and seal of said City this 4th day of June, 1930.
"[Seal.]
"[Signed]   J. E. Wheeler,
"City Secretary, City of Wheeler, Texas."

The city introduced the minutes of the city council dated May 7, 1930, found at page 121 of volume 1 of the minutes of the council, and the minutes of the same date found at page 119 of volume 1, and the minutes of June 4, 1930, found at page 128 of volume 1 of the minutes of the city council, which contained copies of the contract sued on and resolutions and matters pertaining to the transaction, but no provision was shown to have been made by resolution or ordinance for the levy and collection of a tax to pay the interest and create a sinking fund for said warrants.

Mr. G. O. McCrohan and Mr. Ernest Lee, each of whom were members of the council of the city at the time of the transaction involved in this suit, testified that there was no tax ordinance or resolution passed by the city council on May 7th, and the city secretary testified that no such ordinance was passed on that date or any other, within his knowledge.

The contract and warrants show conclusively a debt was created to be paid, not out of the current funds, but out of the future revenues of the city.

Section 5, article 11 of the Constitution of the state, among other things, provides: "No debt shall ever be created by any city, unless at the same time provision be made to assess and collect annually a sufficient sum to pay the interest thereon and creating a sinking fund of at least two per cent. thereon."

This provision of the Constitution is embodied in articles 707 and 826, R. C. S. 1925.

In Citizens' Bank v. City of Terrell, 78 Tex. 450, 14 S. W. 1003, 1005, the Supreme Court says that this constitutional "mandate is imperative that no such debt shall be created without making provision, at the time of its creation, to assess and collect annually a sufficient sum to pay the interest thereon, and create a sinking fund of at least 2 per cent. on the principal. Until this is done, the debt is not created, and none exists."

In Howard v. Smith et al., 91 Tex. 8, 38 S. W. 15, 16, the Supreme Court says: "Since no provision was made for interest and sinking fund at the date of such contract, it was void, and imposed no obligation upon the city to pay for the work. McNeal v. City of Waco [89 Tex. 83], 33 S. W. 322, and cases cited; Bassett v. City of El Paso, 88 Tex. 168, 30 S. W. 893; Lake County v. Rollins, 130 U. S. 662, 9 S. Ct. 651 [32 L. Ed. 1060]; Borough of Millerstown v. Frederick, 114 Pa. 435, 7 A. 156; Crampton v. Zabriskie, 101 U. S. 601 [25 L. Ed. 1070]; Schumm v. Seymour, 24 N. J. Eq. 143; Mayor, etc., of Baltimore v. Gill, 31 Md. 375; Brady v. Mayor, etc., of New York, 16 How. Prac. [(N. Y.) 432] 433."

■ It was incumbent upon appellee, in order to recover on the warrants, not only to allege, but to prove, a compliance with the Constitution and laws regulating the creation of such a debt by the city.

■■ Appellee relied for proof on a transcript, certified to by the city secretary, containing a purported ordinance in which there was an order assessing the tax. The certificate stated the ordinance was passed on May 7, 1930, and recorded in book 2, page 3 et seq., of the minutes of the city council. No such book was found. There is no claim that such an order, if passed, was lost. The issue is whether such an ordinance was ever enacted. Three witnesses testified that no such order was passed on May 7th. The minutes of the proceedings of the city on May

7th reveal no such order. In fact, no original ordinance containing a tax order relative to the transaction was found on record or in the files of the city.

"The passage of the alleged ordinance of July 20, 1926, was not conclusively established by the certified copy which was introduced in evidence. A Texas statute provides that: 'Copies of the records and filed papers of all public officers and custodians of records of minutes of boards, etc., * * * certified under the hand, and the seal if there be one, of the lawful possessor of such records, shall be admitted as evidence in all cases where the records themselves would be admissible.' Revised Civil Statutes of Texas, 1925, art. 3720. That statute does not purport to make a certified copy provided for conclusive evidence of the existence of the paper or record certified to. It indicates that existence of a power to make a certified copy is dependent upon the existence of a genuine original. Such a certificate has accorded to it the sanctity of a deposition, being prima facie evidence of the existence of the paper or record certified to. It is not conclusive evidence. United States v. Wiggins, 14 Pet. 334, 346, 10 L. Ed. 481; United States v. Acosta, 1 How. 24, 11 L. Ed. 33; Campbell v. Laclede Gaslight Co., 119 U. S. 445, 7 S. Ct. 278, 30 L. Ed. 459; United States v. Brelin (C. C. A.) 166 F. 104. The certificate relied on was not a higher grade of evidence than the testimony of a competent witness. Smithers v. Lowrance, 100 Tex. 77, 82, 93 S. W. 1064; 2 Wigmore on Evidence (2d Ed.) § 1273. Admittedly the certificate was false in so far as it referred to a book record which did not exist. The record indicates that the above-mentioned ruling was a result of the court according conclusive effect to the documentary evidence of the adoption of the alleged ordinance of July 20, 1926. In view of the other evidence adduced, of the same grade as the certified copy relied on, but tending to prove that what was certified to as a copy of an ordinance adopted on July 20, 1926, was a counterfeit, which never was voted on or adopted by appellant's governing body, that documentary evidence was not entitled to be accorded conclusive effect.

"The rule that a municipality may be bound by recitals or representations made pursuant to authority conferred by its governing body does not have such effect as to enable its executive official or officials to bind it by recitals or representations the making of which its governing body did not authorize or ratify.

The appellant was not estopped to controvert its liability under the instruments sued on if its governing body did not authorize or ratify the issue or execution of those instruments or the making of the recitals or representations contained therein. Peck v. City of Hempstead, 27 Tex. Civ. App. 80, 65 S. W. 653; Brown v. Bon Homme County, 1 S. D. 216, 46 N. W. 173." City of Weslaco, Texas, v. Porter (C. C. A.) 56 F.(2d) 6, 9.

It follows from what has been said that we are of the opinion that the court committed reversible error in withdrawing the case from the jury and holding as a matter of law that the warrants were valid and appellee was entitled to recover thereon.

We agree with appellee that the assignments pertaining to its primary cause of action, which we have considered together, present the only questions before us on this appeal. The alternative cause of action, quantum meruit, alleged by appellee was not passed upon by the trial court.

The judgment is reversed, and the cause remanded.