TEXAS ELECTRIC SERVICE COMPANY, a corporation, Appellant,

v.

Evelyn LINEBERY, Individually and as Independent Executrix of the Will of W. F. Scarborough, Deceased, and her husband, Tom Linebery, Appellees.

No. 5410.

Court of Civil Appeals of Texas.

El-Paso.

Feb. 1, 1961.

Rehearing Denied March 15, 1961.

John R. Lee, Kermit (Cantey, Hanger, Johnson, Scarborough & Gooch, Fort Worth, on rehearing), for appellant.

Finley, Dickie & Scogin, Kermit, for appellees.

FRASER, Justice.

This is a statutory condemnation proceeding brought by Texas Electric Service Company, an electric utility company, to acquire an easement for an electric transmission line over and across ranch property in Winkler County, Texas, the surface of which is owned by Evelyn Linebery and Tom Linebery, defendants-appellees.

The Statement in Condemnation was filed with the County Judge, Winkler County, Texas; special commissioners were appointed; and award made in the amount of $13,296.06; and appellant, on the 13th day of March, 1958, paid the accrued costs, filed cost bond, and deposited with the Clerk of the County Court of Winkler County, Texas, double the amount of the Commissioners' award, and thereupon took possession of the easement and proceeded with construction of its transmission line.

Appellant, Texas Electric Service Company, duly filed an appeal from the award of the Commissioners. The cause was tried to a jury, and judgment was entered on the 28th day of May, 1959, awarding appellant

its easement and awarding defendant damages in the sum of $11,794, together with court costs of this proceeding. Subsequent to the return of the jury's verdict, and prior to the entry of judgment, appellees filed their written admissions, wherein it was admitted that appellant was entitled to recover an easement as prayed for, and that the only issues the court should consider in entering its judgment were those concerning value. Motion for new trial was duly filed and, after hearing, was overruled; to which order overruling motion for new trial appellant excepted and gave notice of appeal. All prerequisites to an appeal have been properly taken.

Appellant's first group of points alleges that answers of the jury were founded on insufficient evidence; against the overwhelming preponderance of the evidence; and, further, that there was no evidence to support the said answers to Issues 3 and 4. This group of points also complains in the same manner with reference to the jury's answers to Issues 5 and 6; and, lastly, that the jury was influenced by passion and prejudice against the plaintiff.

This is a controversy in condemnation, involving some fourteen acres actually condemned, across approximately three sections of land belonging to appellees, and it is apparent from the record that this particular area, traversed or to be traversed by the appellant's electric line, comprises some 1,925 acres.

■ Issues 3 and 4 pertain to the depreciation or damage to the 1,925-acre tract to be traversed by the electric line. There is no controversy, apparently, about the value of the fourteen acres actually taken. We believe that, under the circumstances, there was sufficient evidence to enable the jury to make its findings. Witness Lomax, described as an expert, detailed the manner in which he arrived at the lessening of the value of the 1,925-acre tract after the easement was taken. He described it as a functional depreciation, which means that traffic within this area would be increased; the use of the land is depreciated—in other words, he described functional depreciation as limiting the use of the land due to the presence of the electric line. Another witness, Cole, also testified as to the damage caused by the use of the right of ingress and egress and, of course, appellee himself testified. Witness Lomax further testified that he considered the land from its best use, and compared sales of other easements on the same lands and similar lands in that area; also, both witnesses Cole and Lomax stated that they used the income method of arriving at their figures. Without further reviewing the testimony, we believe that it was competent and adequate to support the jury's findings with reference to depreciation of the 1,925 acres through which the electric line is to pass. It is often difficult, especially in ranch country, where property does not ordinarily change hands very often, to set a firm rule as to how value should be determined. Many ranches are in the same hands for not only years, but generations, making it difficult to find comparable sales; and yet they do have a value and, of course, the placing of an easement is a burden that lessens that value. We feel, here, that adequate testimony was produced to enable the jury to answer Issues 3 and 4, and to support their answers thereto. Appellant's points relative thereto are accordingly overruled.

■ Appellant also claims error with reference to the answers of the jury to Issues 5 and 6. These issues pertain to 11,000 acres of land that appellant says are not actually contiguous to the easement taken, or the 1,925 acres. This, of course, is contested by appellees, who maintain that he (Tom Linebery), runs the entire ranch as a unit. The jury allowed $2,750 depreciation in market value of the 11,000 acres of land. We do not believe this finding can be sustained. In the first place, the petition asked only for, and the condemnation itself was restricted with reference to, the right of ingress and egress solely to the 1,925 acres. It is therefore difficult to determine how this larger tract was actually damaged. Appellee, of course, says that he operates the entire ranch as a unit, and injury to one

244

part is injury to all. But damages or depreciation must be adequately and authentically proved. Texas Electric Service Co. v. Campbell, Tex., 336 S.W.2d 742; Tennessee Gas & Transmission Co. v. Zirjacks, Tex.Civ.App., 244 S.W.2d 837 (wr. dism.). We further believe that the testimony with reference to the 11,000 acres comes under the provisions of the Campbell case. Appellee was apparently the only witness. An examination of his testimony indicates that he was apprehensive about the damage that would be done, but it does seem to us that such was speculative, rather than factual. There does not seem to be any other testimony with reference to damage to the 11,-000 acres than that of appellee, and his testimony is based largely on his statement that he operated the entire ranch as a unit, selling water, caliche, etc. We do not find any testimony that he runs cattle that would be cut off from water or graze by the electric line passing over the three sections in question. We therefore believe that the appellant's points with reference to the jury's answers to Issues 5 and 6 are well taken and must be sustained.

We think that this disposition disposes of appellant's points under Group 2.

■ Appellant's points under Group 3 mostly go to evidentiary matters, and complain, among other things, that witness Lomax did not know the market value of the land in question. But this witness did testify that he had an adea as to the market value of the fourteen acres of land taken, and the depreciation of the value of the 1,925-acre tract. Appellee further maintains that Lomax had sufficiently qualified himself as expert. Appellant also attacks testimony of the witness Lomax based on his examination of certain transfers or sales of similar or adjacent land. Inasmuch as Lomax qualified as an expert, and there is no controversy about the contents of these written instruments, we do not see error in permitting him to describe the methods he used to make up his mind. Texas Electric Service Co. v. Linebery, Tex.Civ.App., 327 S.W.2d 657. As to his considering the sale

of easements as a use of the land, this question, we think, has been settled by State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194. All in all, this group of points—seven in number—goes to evidentiary matters that we have examined and do not find contain any error.

■ The last group of points presented by appellant has to do with the testimony of appellee. Reference is made to the record, wherein appellee testified as to what right he had left after the easement was taken, saying that he and his wife had no further right except to pay taxes on the land taken, and further, appellee testified as follows:

"All the rights that are asked for, of course are prior to my rights, and you can bet they will exercise every right they have asked for here—and some not here * * *."

While this testimony was speculative, prejudicial and inadmissible, we do not believe it was of such severity or extent as to have influenced a jury of sensible people. Mr. Linebery was testifying from his own experience with appellant, and likely felt very deeply about the matter; and, as a matter of fact, did say that that had been his experience with the appellant. However, we do not believe this error was serious enough to prejudice the jury, and these points are therefore overruled.

For the reasons set forth above, the decision of the trial court is affirmed with reference to the award for the taking of the 50-foot strip, which amounts to $1,344, and the amount of $7,700 allowed and found as the depreciation in market value of the 1,925 acres of land described in the condemnation proceeding. The award of $2,-750 depreciation in market value of the 11,000 acres, as set out in Special Issues 5 and 6, is reversed and disallowed.

As reformed, the judgment of the trial court is affirmed.

ABBOTT, J., not sitting.