TEXAS ELECTRIC SERVICE COMPANY V. EVELYN LINEBERY, INDIVIDUALLY AND AS INDEPENDENT EXECUTRIX

No. A-8365. Decided July 19, 1961
Rehearing overruled October 3, 1961
(349 S. W. 2d Series 105)

*Cantey, Hanger, Johnson, Scarborough, & Gooch, John R. Lee* and *Jack C. Wessler,* of Fort Worth, for relator.

*Finley & Scogin,* of Kermit, for respondent.

MR. JUSTICE SMITH delivered the opinion of the Court.

Upon an appeal from an award of special commissioners, the County Court of Winkler County allowed Evelyn Linebery individually and as Independent Executrix of the estate of W. F. Scarbrough, deceased, a recovery of $11,794.00 for an electric transmission line over real property owned by respondent in her respective capacities.

This award was made up of three items, viz:

(1)   $1,344.00 for the taking of the 50 feet easement strip;

(2)   $7,700.00 for damages to the remainder of a tract of 1925 acres out of which the easement strip was taken, and

(3)   $2,750.00 for depreciation in market value of an additional 11,000 acres of land in the vicinity owned by respondent.

The Court of Civil Appeals modified the judgment of the trial court by eliminating the $2,750.00 recovery relating to the 11,000 acre tract and affirmed the judgment of the trial court as thus modified.   344 S.W. 2d. 242.

We reverse the judgment of the Court of Civil Appeals and remand the cause for another trial because the opinion testimony relied upon by respondent as to the value of the easement taken and the depreciation of the remainder of the 1925 acre tract involved is based solely upon surmise and conjecture.   In legal contemplation there is "no evidence" supporting a recovery.

The testimony of Tom Linebery, the husband of the respondent, is patently inadequate.   It is, however, asserted by respondend that the jury's findings closely followed and are supported by the testimony of the witness, D. A. Lomax.   The testimony of Lomax as to the value of the land taken and the before and after value of the remainder of the 1925 acre tract was based upon the amount of income received from the sale of right-of-ways over the premises for the construction of roads, pipe lines, overhead easements, the sale of water, and the sale of caliche. When asked what he took into consideration in forming his opinion as to value, he answered that he examined the property involved and:

"I was able to form an opinion that the highest and best use that this land could be employed would be in operating it as a business in conjunction with the fact that the land had oil and gas discovered on it; in other words for the lease of roads, the sale of right-of-ways for both pipe lines, oil lines, for overhead easements, for the sale of water, for the sale of caliche."

Such testimony at best constituted an attempt to treat the sale of easements and the like as something in the nature of rents

and then capitalize such income (highly uncertain in this case) and arrive at an estimate of market value. Such testimony does not support an opinion of market value. 5 Nichols on Eminent Domain, 222, § 19.3, Income from Business, [1] Commercial property. It does no more than indicate that Mrs. Linebery was able to obtain her price for easements for a comparatively short period of time because of the requirements of oil and gas lessees. Testimony of this character can have no possible bearing upon the issues of the market value of the land in question. The true inquiry is not limited to what a particular person could exact as income, but is to determine the fair market value of such property —that is, what it would bring on the open market in a transaction between a willing seller and a willing buyer. As said in State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194, 200: "Evidence should be excluded relating to remote, speculative and conjectural uses, as well as injuries, which are not reflected in the present market value of the property."

In view of another trial, we will say that we agree with the Court of Civil Appeals that the testimony of Tom Linebery (mentioned in the lower court's opinion) was "speculative, prejudicial and inadmissible." His past experiences with Texas Electric Service Company were wholly irrelevant to any issue in this case. Upon another trial, testimony of this nature should be excluded. Texas Electric Service Company v. Campbell, 161 Texas 77, 336 S.W. 2d 742.

The judgments of the Court of Civil Appeals and the trial court are reversed and the cause is remanded to the County Court for another trial.