The STATE of Texas, Appellant,

v.

Charles R. CARSWELL et ux., Appellees.

No. 3915.

Court of Civil Appeals of Texas.

Eastland.

Nov. 20, 1964.

Rehearing Denied Dec. 11, 1964.

David L. Boles, Asst. Atty. Gen., Austin, for appellant.

Park Street, San Antonio, and Gordon L. Hollon, Boerne, for appellees.

GRISSOM, Chief Justice.

In a suit by the State of Texas against Charles R. Carswell and wife to condemn

0.999 of an acre of land out of a 3.02 acre tract for construction of Interstate Highway 10 the Carswells obtained a verdict and judgment awarding them $6,425.00. The State has appealed.

The Carswells owned a home consisting of 3.02 acres on a conventional highway which they could enter from their home and travel in either direction. It was an attractive home with many beautiful trees, including about 115 on the tract taken, which tract was immediately in front of the residence. Before the condemnation appellees' residence was 171 feet from the highway right-of-way but afterwards it was 81 feet therefrom. The tract taken fronted 535 feet on the highway and had a depth of 90 feet. On the land taken, in addition to trees, there were some fences and a part of the driveway.

Appellant's first two points are that the court erred in failing to grant appellant's motion for a new trial because there was (1) no evidence, or insufficient evidence, to support the verdict and (2) the verdict was contrary to the overwhelming weight and preponderance of the evidence, manifestly unjust and grossly excessive. Appellant says the unsupported opinion of the witnesses as to the value of the part taken and the remainder will not support the jury findings of the values thereof because the naked and unsupported opinion of a witness does not constitute evidence of probative force. It says that the failure of appellees' witnesses to offer any competent reasons to substantiate their opinions of value and their failure to explain the nature of the damages claimed to the remaining tract and its effect upon various portions of the tract and the relationship of same to market value makes said testimony in legal effect no evidence or, at least, insufficient evidence, to support the finding of damages to the remainder. Appellant says that, although appellees placed five value witnesses on the stand and each testified to his opinion of the value of the part taken and the remainder before and after the taking, no witness substantiated his opinion by testifying to any comparable sales or in any manner substantiate or give reasons in support of his said opinion. It says appellees failed to give any specific explanation of their opinions of damages to the remainder, or of the relationship thereof to market value, and therefore, there was in legal effect no evidence thereof. Appellant quotes from the Supreme Court's opinion in Dallas Railway and Terminal Company v. Gossett, 156 Tex. 252, 294 S.W.2d 377, 380, the statement that the naked and unsupported opinion of a witness does not constitute evidence of probative force and will not support a jury finding. That general statement of the law was made in a personal injury suit where the opinion referred to was the naked, unsupported conclusion of a witness that a certain street was a one way street. It also cites Texas Electric Service Company v. Linebery, 162 Tex. 570, 349 S.W.2d 105, and Texas Electric Service Company v. Campbell, 161 Tex. 77, 336 S.W.2d 742.

The jury's verdict, upon which the judgment was based, was that the part taken had a value of $1,925.00; that the value of the remainder before the taking was $19,500.00 and after the taking $15,000.00. In other words, the jury found damages amounting to $6,425.00, consisting of $1,925.00 as the value of the land taken plus $4,500.00 severance damage. The lowest opinion of appellees' witnesses of the value of the part taken was $2,500.00 and the lowest severance damages was placed at $4,500.00. Appellant's witness Porter put the value of the land taken at $1,345.00 and the severance damage at $2,205.00. Appellees' expert witnesses did not testify to sales of what they testified were comparable properties but they did testify, without objection, to sales, in 1958, of land fronting on the same highway, four miles south of appellees' property, which they did not consider as desirable as appellees' property, at $3,000.00 per acre. There was evidence that the tract condemned was capable of commercial use. Porter testified to the sales of property, which he considered to some degree comparable, in July and October, 1959, and in April and

October, 1960, and in July, 1962. The date of the taking of appellees' property was August 16, 1963. The record shows that appellees' land had a broad frontage on a major highway, U. S. Highway 87, while the tracts sold, which Mr. Porter testified about, were on relatively minor farm to market or county roads and had comparatively little frontage thereon. It was not disputed that the remainder of appellees' land was damaged by the taking and that the closer proximity of the new right-of-way to appellees' home was a cause of such damage.

Appellant's contentions that there is no evidence, or insufficient evidence, to support the verdict and that the findings of value are contrary to the overwhelming weight and preponderance of the evidence may be fairly summarized as follows: (a) appellees failed to explain the basis for their opinion that the remainder was damaged; (b) appellees failed to substantiate their opinions by testimony of comparable sales and (c) the quality and credibility of appellees' evidence was not as good as appellant's. Appellees say that contention (a), that appellees failed to explain the basis for their opinions that the remainder was damaged by the taking, is simply not true; that Mr. Lewis testified that before the taking appellees' residence was set back sufficiently from the highway but that after the taking the residence was less desirable because of its then close proximity to the new highway right-of-way and that Mr. Young testified to the same effect. There was no dispute about the fact that moving the right-of-way 90 feet closer to appellees' residence damaged the remainder. In cases cited by appellant there was either a dispute over whether there was damage to the remainder or evidence of damage thereto was remote and speculative. Here, there was no dispute over the fact that the taking caused damage to the remainder, the only question was how much the remainder was damaged by the taking. We agree with appellees' said contentions.

The decisions in the Linebery and Campbell cases cited by appellant are not controlling because findings of damages in those cases were disapproved because the evidence thereof was based upon speculation and conjecture. In the Linebery case, 349 S.W.2d 105, 106, the opinion testimony relied upon by the land owner as to the value of the easement taken and depreciation of the remainder was based solely on surmise and conjecture. The witness testified as to what he took into consideration in forming his opinion as to value.

> "I was able to form an opinion that the highest and best use that this land could be employed would be in operating it as a business in conjunction with the fact that the land had oil and gas discovered on it; in other words for the lease of roads, the sale of right-of-ways for both pipe lines, oil lines, for overhead easements, for the sale of water, for the sale of caliche."

The court held that such testimony had no bearing upon the issue of market value, saying that the true inquiry was not what one person "could exact" as income but was the fair market value of the land.

In the Campbell case, 336 S.W.2d 742, the judgment was reversed because of the admission of evidence not pertinent here. In other cases cited by appellant there was no explanation or reason given for damage found to the remainder and the question whether there was damage to the remainder was in dispute. Such is not the case here. Appellees' witnesses Grimmell and Fry, as stated, testified to sales of property four miles distant on the same highway and further from Boerne for $3,000.00 per acre. They testified that appellees' property was more valuable than that property and gave reasons for that conclusion. Appellees produced value witnesses who were unquestionably qualified to testify, as they did, to the market value of appellees' land at the controlling times. Under the authority of Texas Electric Service Company v. Vest, Tex.Civ.App., 310 S.

**410**

W.2d 733, and Rayburn's Texas Law of Condemnation, Section 224, they could properly testify to the market value of the land taken without giving reasons for their opinions. Their testimony raised an issue as to the market value of the land taken. Appellees' witnesses relative to damage to the remainder did not fail to explain the basis for their opinions and their testimony raised the severance damage issues decided by the jury. Applying the established applicable rules, we overrule appellant's contentions that there was no evidence, or that it is insufficient to support the verdict and that said findings are so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust.

■■ Appellant's third point is that the court erred in not permitting its witness Easley to state his opinion of the value of the part taken and the value of the remainder before the taking. It says that he qualified as an expert and the State was entitled to present his testimony to the jury. It says the fact that the witness took into consideration certain things that should not have been considered as a basis for said opinions did not affect the admissibility of his said opinions and that the court committed reversible error in not admitting it. Appellees reply that the record shows that Easley as a basis for his opinion took into consideration the project for which the property was condemned, and that the project for which property is condemned may not be considered in determining values, except as to the remainder after the taking. They cite Vey v. City of Fort Worth, Tex. Civ.App., 81 S.W.2d 228, wherein an instruction was given that in arriving at the market value the jury should not consider the new highway, the new viaduct and any fact pertaining thereto, and City of El Paso v. Coffin, 40 Tex.Civ.App. 54, 88 S.W. 502, where it was held that when a condemnee's entire property is included in one general condemnation proceeding for a particular purpose it is not permissible to consider that purpose, or the result thereof, in fixing

the owner's compensation. A property owner is not entitled to the benefit of enhanced values arising from the project and the condemnor should not be permitted to benefit from its act if the project for which the land is taken has an adverse effect upon value. Since the witness had an improper basis for his opinion it was not error to exclude it. Such testimony was cumulative. We conclude that, in any event, it is not shown that its exclusion was probably harmful, as is required by Texas Rules Civil Procedure 434.

The judgment is affirmed.