**CITY OF HOUSTON, Appellant,**

**v.**

**LAKEWOOD ESTATES, INC., Appellee.**

**No. 15294.**

Court of Civil Appeals of Texas.

Houston (1st Dist.).

June 6, 1968.

Rehearing Denied June 27, 1968.

amount was found by the court, after a trial without a jury, to be the value of the sewer and water lines that were installed and paid for by appellee in its subdivision. Installation was at a time when appellee's subdivision was beyond the limits of the City of Houston. Under contract with Pinewood Utilities appellee made water and sewer service available to those persons building homes in appellee's subdivision. However, the contract between appellee and Pinewood reserved title to the water and sewer lines, that were constructed by appellee, in appellee. Subsequently the territory was annexed by appellant, as was other territory served by Pinewood Utilities. Sometime in 1961 appellant purchased the utility system of Pinewood Utilities and continued service to the residents of Lakewood Estates subdivision. Appellant denied ownership by appellee of the lines in its addition, claiming, among other things, that appellee had impliedly dedicated the lines to the public, and therefore refused to pay appellee the value of the lines appellant was using.

The case was previously appealed to this Court and we held that in the state of the record an implied dedication was shown though the trial court had found there was no implied dedication. We reversed and remanded instead of reversing and rendering because we were of the view there had apparently not been a full development of the facts. Too, we reversed because the value fixed by the trial court was based on reproduction cost less depreciation when there had been no showing there was no market value. City of Houston v. Lakewood Estates, Inc., 381 S.W.2d 697. Neither party applied for writ of error to our Supreme Court.

Appellant on this appeal again contends that implied dedication by appellee was shown as a matter of law, or, alternatively, the finding of the trial court that appellee intended to retain title was not based on sufficient evidence.

The evidence on the second trial was substantially the same as on the previous trial.

Wm. A. Olson, City Atty., Joseph G. Rollins, Senior Asst. City Atty., Houston, for appellant.

Billy B. Goldberg, Houston, for appellee.

BELL, Chief Justice.

Appellee recovered judgment against appellant in the amount of $29,923.60, which

Since we detailed the testimony in our previous opinion, we will not repeat it here, but will notice only the additional material testimony given on retrial.

On the previous trial there was no express testimony from any officer of the corporation of an intent to retain title to the water and sewer lines. Here Mr. Goldberg, the attorney for appellee, who was also secretary-treasurer of the corporation and who was very active in handling its affairs, testified that it was the intent of the owners of the corporation, of which he was one, to retain title to the lines. To evidence this subjective intent he pointed to the facts and circumstances surrounding the making of the contract with Pinewood Utilities which provided among other things that the water and sewer lines should become and remain the property of the party to the contract constructing same. The contract also provided it should be binding on the successors and assigns of the parties. Part of the addition was already in the City of Houston. Appellee's addition and Langley Road Place addition, through which lines connecting the water and sewer lines in appellee's addition to the utility system of Pinewood passed, were the intervening additions between the City limits and Pinewood Addition. Because of this, it was thought that when appellant extended its limits it was likely that all of the territory served by Pinewood Utilities would be annexed. Mr. Goldberg testified this likelihood was discussed with Mr. Yancey who was one of the owners of Pinewood Utilities. Mr. Yancey did not remember its being discussed, but he did not deny it was discussed. Both Mr. Goldberg and Mr. Yancey did testify Mr. Goldberg discussed with Mr. Yancey the requirements of the City of Houston as to size and composition of the lines and it was decided the lines should conform to such requirements. The lines were laid in conformity with the City requirements. Mr. Goldberg testified, though Mr. Yancey did not remember, that it was discussed that upon annexation the City would probably purchase the lines and the parties to the contract wanted to reserve title to the respective lines so each would be paid for what it had installed. Too, Mr. Goldberg testified the practice of appellant was that on annexation it would purchase private utilities in the area annexed. This was the reason for the provision in the contract for the retention of title. Mr. Goldberg as a stockholder and representative of the corporation wanted to be sure that, if and when this was done, appellee and not Pinewood Utilities would be paid for the lines in its addition. Further, he testified that he instructed the bookkeeper to carry the lines on the books of the company as an asset and to depreciate them instead of showing the cost to be an expense item. This was done.

We are of the view that in the light of this additional testimony, when considered with the other testimony, and viewing it in a manner most favorable to the Court's finding, there is evidence of probative force to support the trial court's finding that title to the lines was retained by appellee and there was no intent to dedicate the lines to the public. Too, we are of the view that the finding is not contrary to the overwhelming weight and preponderance of the evidence.

The trial court determined the value of the lines on a basis of reproduction cost less depreciation.

■ We are of the view that, in the light of the competent testimony that such a system had no market value and that this was the method used in determining the value of utility systems for purpose of sale, this is the correct method of arriving at the value of the property appropriated by appellant.

■ ■ We are, however, of the view that there is no competent evidence of probative force in the record to support any finding as to what that value was. For this reason, the case must be reversed and remanded.

No expert testified. All of the testimony comes from Mr. Goldberg, who does not purport to be an expert in this field, and he did not purport to give any personal opinion as to value. The substance of his testimony is that the City of Houston had a policy of acquiring private utilities in newly annexed territory. To effectuate this policy, appellant set up a committee to make appraisals and to negotiate for the purchases. One member of the committee was Mr. Nichols, the City Treasurer. Mr. Goldberg, while negotiating with the City, talked to Mr. Nichols about the value of the lines in Lakewood Estates and Mr. Nichols gave him a sheet of paper which Nichols told him was the evaluation made for the City. The sheet was introduced in evidence but does not appear in the statement of facts that is before us. However, what purports to be a copy appears in appellant's brief. It is not challenged by appellee, and we are, therefore, authorized to consider it under Rule 419, Texas Rules of Civil Procedure. At the top there appear in the lefthand corner the words "City of Houston" and in the righthand corner appear the words "Water Division". On one side it is labelled "Valuation Survey of Lakewood Estates Corporation". Underneath are columns labelled "Quantity", "Size", "Age", "Replacement Unit Cost", "Amount", "Depreciation Unit Cost", and "Amount". Under the appropriate column is given a description of the installation and under the other appropriate columns valuations are given. Mr. Goldberg testified this side of the sheet represented the appraisal of the water system as given him by Mr. Nichols. On the reverse side there is only one column. It is labelled at the top "Lakewood Estates Corp—". We are unable to make out the word following "Corp—". Under this is a figure of $12,-876.89 and under this is the figure $1,287.-69 which is added to the first figure. Then there is a total of $14,164.58. Beneath this figure appeared the words "Louis Saks Real Estate Owner". Under these words appear the following figures, one beneath the other: "15,155.26", "1,515.53", "16,670.79",

"30,835.37", "1,541.77" and "29,293.60". There is no designation of what these figures represent. It is our recollection of the record that Mr. Goldberg testified the two figures first above mentioned represented the appraisal of the water system brought forward and the figures below 14,-164.58 and above 30,835.37 represented the appraisal of the sewer system. The final figure of $29,239.60 allegedly represents the appraisal given by Mr. Nichols to Mr. Goldberg covering the value of both the water and sewer lines less 5% discount to the City for paying cash.

Apparently appellee contends the above represents an admission by appraisers chosen by the City and thus it was admissible and, being admitted, it is of probative force. Its admission in evidence was objected to by the City.

There is no ordinance in the record showing what the duties and authority of the City Treasurer were. There is no ordinance showing the creation by the City Council of any committee such as referred to by Mr. Goldberg. There is no showing as to who made the appraisal or whether the appraiser was qualified. There is no showing that City Council ever in any manner accepted the appraisal. The evidence was wholly without probative effect.

■ Neither Mr. Nichols nor the appraisers could bind the City in the absence of authority conferred by the governing body of the City. Wilke v. City of Ballinger, 31 S.W.2d 1102 (Tex.Civ.App.), n. w. h.; City of Weslaco v. Porter, 56 F.2d 6 (5th Cir.).

■ The naked and unsupported opinion or conclusion of a witness as to value, even if admitted without objection, is of no probative force unless it be shown he is qualified to give an opinion. Dallas Railway & Terminal Co. v. Gossett, 156 Tex. 252, 294 S.W.2d 377; Texas Electric Service Company v. Lineberry, 162 Tex. 570, 349 S.W.2d 105; Tennessee Gas & Transmission Co. v. Zirjacks, 244 S.W.2d 837 (Tex.Civ.App.), error dism.

We have read the entire testimony of Mr. Yancey and it affords no evidence of probative force to establish the value of appellee's utility lines.

Reversed and remanded.