**CITY OF LONGVIEW, Texas, Appellant,**

v.

**Roy WILSON, Appellee.**

**No. 8791.**

Court of Civil Appeals of Texas, Texarkana.

Jan. 29, 1981.

Rehearing Denied Feb. 24, 1981.

Earl Roberts, Jr., Jerry W. Hill, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, for appellant.

Rex A. Harris, Nichols, Merriman, Patterson & Allison, Longview, for appellee.

---

BLEIL, Justice.

This is a condemnation suit by the City of Longview to acquire a 940 square foot strip of land owned by Roy Wilson for a street widening project. Longview appeals from the judgment on a verdict awarding Wilson $36,000.00, representing $1,000.00 for the value of the land taken and $35,000.00 for damage to the remaining property.

We affirm the judgment.

Roy Wilson owned and operated a moving and storage business on property owned by him. A portion of the property owned, 940 square feet, was taken in condemnation proceedings instituted by the City of Longview. The right of the City to acquire the property or the manner of its acquisition was not disputed and at trial only the value of the property taken and the damage to the remaining tract was challenged.

The land taken by the City changed the distance from the curb line on East Cotton Street to the base line of the Wilson Warehouse from 11 feet to 3 feet.

During the trial John Ziegler testified as a real estate appraisal expert on behalf of Wilson. Ziegler stated that he was familiar with the property in question and that he had been on the site on three prior occasions. He cited many factors which were considered in arriving at his opinion of the fair market value of the property, before and after the taking. Included in these factors was evidence concerning the effect that the widening of the street had on the usefulness of the warehouse. This evidence showed that since the widening, during periods of rain, passing vehicles splashed water onto and into the warehouse building. Additional evidence indicated that a contract of sale for the remaining property had been entered into by Wilson and Clint Blackman as purchaser. Further, John Ziegler indicated that he had considered the amount of income that the property might produce together with the probable commercial life of the property in forming his opinion.

The City of Longview presents seventeen points of error chiefly complaining of the trial court's action in admitting into evidence certain testimony pertaining to the measure of damages. Points of error 1 through 5 allege error in the admission of evidence concerning the splashing of water from Cotton Street onto and into the remaining property; points of error 6 through 10 complain of the trial court's action in admitting evidence concerning a contract of sale with Blackman covering the remainder of the property; and points 11 through 13 complain of the admission of evidence reflecting that projected income was one of the matters considered by Ziegler. In points of error 14 through 17 the City of Longview raises no evidence and insufficient evidence points.

On this appeal the City's complaint is that the above evidentiary matters should not have been considered in arriving at the measure of damages to the remaining property.

In support of its complaint concerning the evidence of income potential of the remaining property, the City of Longview cites *Texas Electric Service Company v. Linebery*, 162 Tex. 570, 349 S.W.2d 105 (1961), which proscribes evidence of remote, speculative and conjectural uses or profits forming a basis of damages in cases of damage to remainder property.

The proper measure of damages to the remainder in a partial condemnation proceeding is set forth in *State v. Carpenter*, 126 Tex. 604, 89 S.W.2d 194 (1936), *on rehearing*, 126 Tex. 604, 89 S.W.2d 979 (1936). Carpenter holds that all matters of evidence which affect the market value of the land itself are properly considered in determining the difference in market value before and after the taking. While allowing the possibility of some items of special damages which might not be accurately reflected in the difference between before and after fair market value the court continues,

"... but everything which affects the market value of the land itself, having due regard for past and probable future injuries, may be accurately reflected by ascertaining the difference in value,

when all the legitimate testimony is properly submitted to the jury for consideration."

More recently this pronouncement was reaffirmed by the Supreme Court in *Gill v. State*, 531 S.W.2d 322 (Tex.1975). The evidence introduced in this cause does reasonably contribute to a determination of market value and was properly admitted.

There exists sufficient probative evidence to support the jury's findings.

The City's points asserting no evidence and insufficiency of the evidence to support the verdict of the jury are without merit.

The judgment of the trial court is affirmed.