**CREDIT PLAN CORPORATION OF HOUSTON, Appellant,**

**v.**

**REDISCO, INC., Appellee.**

**No. 15628.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 21, 1970.

Bernard & Bernard, Donald R. Bernard, Houston, for appellant.

Cocke, Neblett & Berry, Duncan Neblett, Houston, for appellee.

COLEMAN, Justice.

This is a suit by a mortgagee against a subsequent mortgagee for damages resulting from the conversion of certain items of used household goods.

The goods in question were sold to Mr. and Mrs. Robert Smith on a time payment plan by a retail merchant. The purchasers executed a written purchase agreement secured by a lien on the furniture, which contract and lien were sold to appellee. The lien was properly recorded.

Subsequently the Smiths borrowed some money from appellant and gave a chattel mortgage on certain furniture as security. The Smiths defaulted on the payments due to appellee leaving a balance due as of March 2, 1966 of $673.44. On or about

that date appellant picked up certain furniture and fixtures belonging to the Smiths at the house of D. C. Ames, where it had been left by Mrs. Smith. Among the items picked up were items corresponding to the general description of the property mortgaged to appellee, i. e., a Hot Point Refrigerator, two piece living room suite, and a recliner chair.

Appellee notified appellant of the items of furniture on which it had a lien and demanded possession of same. Appellant sold the furniture and credited the Smiths' account with the proceeds.

This appeal is primarily based on two questions: (1) Was the furniture sold by appellant the same furniture on which appellee had a lien? (2) Was the evidence on the issue of damages sufficient to support the verdict of the trial court?

Appellee produced evidence of the original purchase price of the furniture. Appellee's operations manager testified that in the insurance industry the value of used furniture is determined by depreciating the cost value by one per cent each month. He stated that there is no industry-wide standard test in the finance business for determining the value of used furniture and that his company used the insurance industry rule. There is no testimony showing the circumstances under which appellant sold the furniture. The trial court rendered a verdict consistent with the use of the depreciation method of ascertaining value.

The probative value of this evidence will depend to a certain extent on the measure of damages applicable under the facts of this case. In Crisp v. Security National Insurance Company, 369 S.W.2d 326 (Tex. 1963), this statement appears:

"It has long been the rule generally in this state that to compensate for the loss of used household furniture and personal effects the measure of damages

is the value of such goods to the owner, that is, the actual loss in money he has sustained by being deprived of articles which are especially adapted to the use of the individual and his family. * * *"

The Supreme Court explained the reason for the rule in these words:

"It is a matter of common knowledge and of usual acceptation by the courts that used household goods, clothing and personal effects have no market value in the ordinary meaning of that term. They may be sold but only at considerable sacrifice which by no means represents the value of the articles to the owner. * * *"

The question arises as to whether this rule is applicable in a suit by a mortgagee rather than by the owner.

The same rules were recognized in Wutke v. Yolton, 71 S.W.2d 549 (Tex.Civ.App.—Beaumont 1934, error ref.), where the cause of action was for conversion of furniture used as part of the equipment of a hotel. The court, however, made this broad statement: "Because of the very nature of secondhand furniture, the principle of law governing its value when used in the home must govern its value anywhere and everywhere. * * *"

In both Crisp and Wutke the owner of the furniture was the plaintiff. It may be assumed, even in the case of the hotel operator, that he would need to replace the furniture taken with other furniture. The loss can be fully compensated only by awarding the value of the goods to him.

Ordinarily a mortgagee by the terms of his mortgage is authorized only to sell the mortgaged goods and to apply the proceeds from the sale to the mortgagor's debt. His loss, therefore, would be fully compensated by the price he might expect to receive at a public sale or a private sale, if authorized by the mortgage.

That this price would be the same as the value to the owner should not be presumed. In the absence of proof to the contrary, it will be presumed that second-hand furniture has no market value. Williamson v. Askew, 328 S.W.2d 473 (Tex. Civ.App.—Ft. Worth 1959); Rosenfield v. White, 267 S.W.2d 596 (Tex.Civ.App.—Dallas 1954, writ ref., n. r. e.). The proper measure of damage is the actual value to the plaintiff at the time and place of its conversion. Crisp v. Security National Insurance Company, supra. In the case of the mortgagee the actual value to him ordinarily would be the amount he could realize at a sale.

■ The record contains some evidence of value. The original cost of the furniture is shown. The amount appellant credited to the Smiths' account is shown. The testimony that the insurance industry determines the value of used furniture by the application of a depreciation factor is not supported by testimony vouching for the accuracy of the result reached, and has little, if any, probative value. The testimony concerning the price received by appellant was shown to be based on the amount credited on the Smiths' account and on the witness' knowledge of the customary procedures followed by appellant. That sale, if in fact a sale was made, occurred sometime after the date of the conversion. There was no evidence of the condition of the furniture at that time, or of the manner by which the sale was made. The evidence is not sufficient to support the verdict of the court.

■ The evidence presented on the issue of the identity of the property repossessed and sold by appellant with that on which appellee had a security lien is wholly circumstantial. We conclude, however, that it was sufficient to support an inference that some of the items of furniture on which appellee had a lien were taken from the Ames' house by appellant.

Reversed and remanded.