Wesley William **WENDLANDT**,
Appellant,

v.

Gay McCutchen **WENDLANDT**, Appellee.

No. 17579.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 13, 1980.

James R. Moriarty, Houston, for appellant.

Burta Rhoads Raborn, Houston, for appellee.

Before PEDEN, EVANS and WARREN, JJ.

WARREN, Justice.

This is an appeal from a divorce decree rendered after a nonjury trial.

Appellant's sole point of error claims that the trial court abused its discretion in refusing to admit the testimony of an expert witness regarding the value of personal property which allegedly resulted in the rendition of an improper judgment.

Each party gave an opinion of the value of their real and personal property. In addition, a realtor testified to the value of the community home. Appellant then called Mr. Wishnow and qualified him as an expert in the field of appraising personal property. Mr. Wishnow attempted, but over objection was not allowed, to testify as to the fair market value and the trade value of the various items of community personal property. However, he did testify that the value of personal property in the possession of the parties was equal.

The objections to his testimony were sustained on the basis that he considered improper criteria in reaching his conclusion as to the fair market value of the items. Mr. Wishnow testified that fair market value could be established by using the following standards: (1) the willing buyer-willing seller approach, (2) the cost approach, (3) the replacement cost approach, and (4) the trade value approach. He related several methods he used in determining a value of the chattels which he believed approximated fair market value. Mr. Wishnow testified that he assigned to each specific item of personalty an amount which represented a fair market value of the item based on its liquidated worth, given a distress sale. To this he added or subtracted an amount he considered appropriate for either appreciation or depreciation.

Fair market value has been consistently defined as the amount that a willing buyer, who desires to buy, but is under no obligation to buy would pay to a willing seller, who desires to sell, but is under no obligation to sell. *City of Pearland v. Alexander*, 483 S.W.2d 244 (Tex.1972). This standard or test presupposes an existing, established market. In *Crisp v. Security National Insurance Company*, 369 S.W.2d 326 (Tex.1963), our supreme court recognized that used household goods, clothing, and personal effects have no "market value" in the ordinary meaning of that term. In the instant case, Mr. Wishnow did not establish that the used chattels had a market value, and in the absence of such proof, it will be presumed that they had none. *Credit Plan Corporation of Houston v. Redisco, Inc.*, 454 S.W.2d 797 (Tex.Civ.App.-Houston [1st Dist.] 1970, no writ). However, Mr. Wishnow assumed that these items had a market value and testified that his opinion of value was based, in part, on a "distress" sale, a criterion that is contrary to the established test for fair market value that neither the buyer nor the seller shall be under a compulsion to act. A trial judge does not err in refusing to admit appraisal testimony where improper factors have been considered in reaching a conclusion as to value. *Huckabee v. State*, 431 S.W.2d 927 (Tex.Civ.App.-Beaumont 1968, writ ref'd n. r. e.). *State v. Carswell*, 384 S.W.2d 407 (Tex.Civ.App.-Eastland 1964, no writ).

When dividing community property, a court must use those standards and admit that evidence which would best enable it to make a fair and equitable division of the property.

In *Crisp*, supra, a fire insurance loss case, our Supreme Court held that in determining the actual value of used personal property, the trier of facts may consider original cost, cost of replacement, the opinions upon value given by qualified witnesses, the gainful uses to which the property has been put, as well as any other facts reasonably tending to shed light upon the subject. Evidence of actual value to the owner should also be relevant and admissible in a hearing involving the division of community property. Although Mr. Wishnow considered many of these factors in appraising the personal property, his final estimation was an approximation of fair market value and not an approximation of actual value to the owner. In *Crisp*, the court stated that actual value must be determined without resort to market value, but Mr. Wishnow's appraisals were based, in part, upon prices that would be brought at a forced or distressed sale which is not a relevant criterion in determining either fair market value or actual value to the owner. Therefore, the court did not err in excluding his opinion as evidence of either fair market value or actual value. *Huckabee*, supra, *State v. Carswell*, supra.

There is another reason why the judgment must be affirmed. Appellant obtained no findings of fact or conclusions of law from the trial court. On appeal the burden is on appellant to show that the exclusion of the testimony was calculated to cause and probably did cause the rendition of an improper judgment. Rule 434, Tex.R.Civ.P.

We note that there was conflicting value testimony pertaining to the majority of the assets comprising the community estate. In the absence of findings of fact concerning the division of the community estate, this court has no way of knowing the value which the trial court placed on the specific assets or what equities were balanced in dividing the property. *Hill v. Hill*, 249 S.W.2d 654 (Tex.Civ.App.-Waco 1952, no writ). See also *Cravens v. Cravens*, 533 S.W.2d 372 (Tex.Civ.App.-El Paso 1975, no writ).

When an appellant fails to request findings of fact and conclusions of law, if there is evidence to support the judgment of the trial court on any legal theory, the judgment must be affirmed and every issue raised by the testimony will be resolved in favor of the judgment. *McGinty v. Modern Film Effects, Inc.*, 553 S.W.2d 21 (Tex.Civ.App.-Austin 1977, no writ). Appellant has not shown that the exclusion of Mr. Wishnow's testimony, if error, resulted in the rendition of an improper judgment.

The judgment is affirmed.