ACCEPTED
01-14-00601-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/5/2015 12:48:24 PM
CHRISTOPHER PRINE
CLERK

## No. 01-14-00601-CV

**In the First Court of Appeals
Houston, Texas**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/5/2015 12:48:24 PM
CHRISTOPHER A. PRINE
Clerk

## ROSEHURST HOMEOWNERS ASSOCIATION,

*Appellant,*

v.

## HUGHES NATURAL GAS, INC. and REAL PROVENCHER,

*Appellees.*

On Appeal from the County Court at Law No. 2
Harris County, Texas
Cause No. 980933

### REPLY BRIEF OF APPELLANT

J. Marcus Hill
HILL & HILL, P.C.
1770 St. James Place, Suite 115
Houston, Texas 77056

Michael P. Fleming
MICHAEL P. FLEMING & ASSOCIATES
440 Louisiana, Suite 1920
Houston, Texas 77002

Kevin Dubose
State Bar No. 06150500
kdubose@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON
  & TOWNSEND LLP
1844 Harvard Street
Houston, Texas 77008
Telephone: (713) 523-2358
Facsimile: (713) 523-4553

**ATTORNEYS FOR APPELLANT**

**Oral Argument Requested**

# TABLE OF CONTENTS

Index of Authorities ........................................................................................ 3

Summary of Argument ................................................................................... 5

Argument in Reply .......................................................................................... 6

    I.   Hughes is wrong about the standard of review. ...................................... 6

    II.  Rosehurst did nothing wrong; it certainly did nothing to justify sanctions. ........................................................................................... 8

        A.  The trial court's sanctions order did not identify specific conduct by Rosehurst meriting sanctions. .................................... 8

        B.  The cases relied on by Hughes do not support sanctions against Rosehurst. ....................................................................... 11

        C.  The record does not establish that Rosehurst non-suited "to avoid legal restrictions or unfavorable rulings." .......................... 15

            1.  Rosehurst did not non-suit to avoid the dissolution of the temporary injunction. ................................................... 16

            2.  Rosehurst did not non-suit to avoid a non-existent summary judgment. ....................................................... 17

        D.  Hughes's remaining arguments are unavailing. ........................... 18

    III. Even if sanctions were warranted, the award of attorney's fees is excessive and unsupported. .................................................... 20

Conclusion and Prayer ................................................................................. 23

Certificate of Compliance ............................................................................ 24

Certificate of Service ................................................................................... 24

Appendix ...................................................................................................... 25

## INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Aetna Cas. & Sur. Co. v. Specia*,
  849 S.W.2d 805 (Tex. 1993) (orig. proceeding) ...........................................19, 20

*In re Bennett*,
  960 S.W.2d 35 (Tex. 1997) (per curiam) (orig. proceeding) .....12, 13, 15, 18, 23

*Bruington Eng'g Ltd. v. Pedernal Energy L.L.C.*,
  403 S.W.3d 523 (Tex. App.—San Antonio 2013, no pet.) ....................15, 17, 18

*Chrysler Corp. v. Blackmon*,
  841 S.W.2d 844 (Tex. 1992) (orig. proceeding) ..................................................11

*Epps v. Fowler*,
  351 S.W.3d 862 (Tex. 2011) ...............................................................15, 17, 18

*Ezeoke v. Tracy*,
  349 S.W.3d 679 (Tex. App.—Houston [14th Dist.] 2011, no pet.) .....................8

*Frommer v. Frommer*,
  981 S.W.2d 811 (Tex. App.—Houston [1st Dist.] 1998, pet.
  dism'd) ..................................................................................................................7

*GTE Commc'ns v. Tanner*,
  856 S.W.2d 725 (Tex. 1993) (orig. proceeding) ..................................................9

*Hyundai Motor Co. v. Alvarado*,
  892 S.W.2d 853 (Tex. 1995) (per curiam) .........................................................18

*Jefa Co. v. Mustang Tractor & Equip. Co.*,
  868 S.W.2d 905 (Tex. App.—Houston [14th Dist.] 1994, writ
  denied)...................................................................................................................7

*Johnson ex rel. Johnson v. Chesnutt*,
  225 S.W.3d 737 (Tex. App.—Dallas 2007, pet. denied)........................13, 14, 15

*Keith v. Keith*,
221 S.W.3d 156 (Tex. App.—Houston [1st Dist.] 2006, no pet.)................22, 23

*Love v. State Bar of Texas*,
982 S.W.2d 939 (Tex. App.—Houston [1st Dist.] 1998, no pet.)........................7

*Otis Elevator Co. v. Parmelee*,
850 S.W.2d 179 (Tex. 1993) ........................................................................7, 11

*Shook v. Gilmore & Tatge Mfg. Co.*,
851 S.W.2d 887 (Tex. App.—Waco 1993, writ denied)....................................8

*Solum Eng'g, Inc. v. Starich*,
No. 14-13-428-CV, 2014 WL 4262175 (Tex. App.—Houston
[14th Dist.] Aug. 28, 2014, no pet. h.) (mem. op.) ...........................13, 14, 15, 23

*In re Team Rocket, L.P.*,
256 S.W.3d 257 (Tex. 2008) (orig. proceeding) .............................12, 15, 17, 19

*Wendlandt v. Wendlandt*,
596 S.W.2d 323 (Tex. Civ. App.—Houston [1st Dist.] 1980, no
writ)....................................................................................................................7

*West v. Joseph*,
No. 03-00-691-CV, 2001 WL 420743 (Tex. App.—Austin April
26, 2001, no pet.) ..............................................................................14, 15, 23

**Statutes**

Tex. Civ. Prac. & Rem. Code §150.002 ....................................................................18

**Rules**

Tex. R. Civ. P.
162..............................................................................................................13, 19, 20
296....................................................................................................................6, 7
297....................................................................................................................6, 7
298.......................................................................................................................6
683......................................................................................................................16
684......................................................................................................................16
685......................................................................................................................16

4

## SUMMARY OF ARGUMENT

Rosehurst's opening brief stated, "There is not a single Texas case that has ever awarded monetary sanctions under these circumstances." Br. Appellant at 9. Hughes responds that Rosehurst "states the issue far too narrowly." Br. Appellees at 14. To clarify, there is not a single Texas case that has awarded monetary sanctions for non-suiting a case and re-filing it when:

- There is no pending motion for sanctions at the time of the non-suit;

- There is no allegation of discovery abuse or conduct other than the non-suit and re-filing;

- There has been no adverse ruling on a contested matter before the non-suit that the non-suit and re-filing seeks to reverse or avoid.

At least one of those conditions exists in each of the cases relied upon by Hughes, which renders them distinguishable to the point of not being binding precedent.

Hughes repeatedly asserts that Rosehurst non-suited and re-filed to avoid and circumvent: (1) the dissolution of an alleged temporary injunction, and (2) an allegedly eminent summary judgment. But the temporary injunction never existed, and Rosehurst did not even oppose the motion to dissolve it. And the dissolution of the alleged injunction on procedural grounds does not justify an inference that summary judgment would have been granted on substantive grounds. And Rosehurst did not attempt to circumvent any existing ruling by the county court after non-suit.

5

**I.     Hughes is wrong about the standard of review.**

Hughes opens its brief with two statements about the standard of review. Both are mistaken.

First, Hughes asserts that Rosehurst "glosses over the standard of review." Br. Appellees at 11. Both sides agree that the standard of review is "abuse of discretion." Rosehurst did not gloss over or hide from this fact. Both of the major headings in Brief of Appellant state that "The trial court abused its discretion." Br. Appellant at 10, 18. Some variation of the phrase "abuse of discretion" appears five other times in the text, including three times in the Summary of Argument. If Rosehurst was trying to gloss over or hide from this standard of review, it did a poor job of obscuring or concealing it. Hughes's accusation is unfounded.

Second, Hughes argues that a stricter standard of review was implicated because Rosehurst failed to request additional or amended conclusions of law or findings of fact under Rule 297. Br. Appellees at 11. Rule 297 has nothing to do with requests for additional or amended findings — those are addressed in Rule 298. But both rules are found in a section of the Rules of Civil Procedure entitled "Findings by the Court," and the first rule in that section states that it applies to "any case **tried** in the district or county court without a jury." Tex. R. Civ. P. 296 (emphasis added). Rule 298 does not come into play until "[a]fter the court files original findings of

6

fact and conclusions of law" in response to a request under Rule 296. Because this case has not yet been tried to a district or county court, there was no judgment triggering the deadlines for a request, and there was no request for findings of fact and conclusions of law under Rule 296, neither Rule 297 nor 298 requires a request for amended or additional findings.

Hughes cites two divorce cases that were appeals from a final judgment after a trial before the court. *See* Br. Appellees at 12 (citing *Frommer v. Frommer*, 981 S.W.2d 811, 814 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd); *Wendlandt v. Wendlandt*, 596 S.W.2d 323, 325 (Tex. Civ. App.—Houston [1st Dist.] 1980, no writ)). The other case it cites involved a post-answer default judgment because one of the litigants did not appear for trial. *See* Br. Appellees at 12 (citing *Love v. State Bar of Texas*, 982 S.W.2d 939, 944 (Tex. App.—Houston [1st Dist.] 1998, no pet.)). All of these cases are distinguishable because of the presence of a final judgment following a trial of some sort.

In situations involving sanctions rather than a judgment after a bench trial, Texas courts have expressly ruled that findings pursuant to Rules 296, *et seq.* are not required; the presumptions attendant to Rule 296 findings of fact and conclusions of law do not apply; and the appellate court is not bound by the trial court's findings, but instead makes an independent inquiry considering the entire record. *See Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 180-81 (Tex. 1993); *Jefa Co. v. Mustang*

*Tractor & Equip. Co.*, 868 S.W.2d 905, 909-10 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *Shook v. Gilmore & Tatge Mfg. Co.*, 851 S.W.2d 887, 893-94 (Tex. App.—Waco 1993, writ denied).

In short, Hughes's assertion that the standard of review is altered by the absence of a request for additional or amended findings of fact or conclusions of law is unwarranted.

## II. Rosehurst did nothing wrong; it certainly did nothing to justify sanctions.

### A. The trial court's sanctions order did not identify specific conduct by Rosehurst meriting sanctions.

Rosehurst demonstrated in its opening brief that the exercise of the inherent power to impose sanctions for bad faith abuse of the judicial process must be supported by "evidence and factual findings that the conduct complained of significantly interfered with the court's legitimate exercise of one of these powers." *Ezeoke v. Tracy*, 349 S.W.3d 679, 685 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (cited in Br. Appellant at 12-13). Hughes makes no response to this argument, nor does it attempt to explain how the court's order complies with this requirement.

Instead of evidence and factual findings, the county court's order strings together unsupported legal conclusions: "significantly interfered with the Court's exercise of its core power to decide issues of fact and questions of law"; "bad faith abuse of the judicial process"; "loss of judicial economy"; "needlessly increased the cost of litigation"; "offensive conduct." CR 191. As pointed out in the opening brief,

8

the Texas Supreme Court has declared, in a similar circumstance, "We give no deference to such unsupported conclusions." *GTE Commc'ns v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993) (orig. proceeding) (cited in Br. Appellant at 13-14). Hughes did not respond to that argument either.

The only specific act mentioned in the county court's order was the filing of a "Second Supplement to Its Original Petition in the district court," which alleged the violation of a Rule 11 agreement that the county court "already determined . . . was void as a matter of law. . . . in an attempt to circumvent th[e county] court's order." CR 191. There are several reasons why this statement collapses under scrutiny.

First, the county court has not determined that the **Rule 11 agreement** (*see* Tab A) was void as a matter of law, and Rosehurst's pleading did not attempt to circumvent the county court's order. The county court's order declared that the "the **temporary injunction** in this case is **void**." Supp. CR 21 (*see* Tab B). This was in response to a motion pointing out procedural defects in the **temporary injunction**: it was not limited by a trial date and required no bond. *See generally* Supp. CR 10-20. The county court's order granting this motion does not mention the **Rule 11 Agreement**, and certainly does not declare it void.

Rosehurst subsequently filed allegations in the district court that Hughes violated the **Rule 11 agreement** by moving to declare the temporary injunction void.

9

*See* CR 161-62 (*see* Tab C). It would be entirely possible for the county court to correctly hold that a **temporary injunction** was void for procedural reasons, but for Rosehurst to properly allege that Hughes violated the **Rule 11 Agreement** that the "Temporary Restraining Order is extended to a Temporary Injunction." Supp. CR at 18. The pleading allegation complains about Hughes filing a motion; it does not seek to reverse the county court's granting of that motion. So that pleading does not attempt to circumvent a decision already made by the county court.

Second, although the county court notes that Rosehurst non-suited the case in county court and "re-fil[ed] it on the same day in Harris County District Court," the pleading that was filed on that day (January 27, 2014) did not contain any allegations about the Rule 11 agreement or the Temporary Injunction.[1] The first pleading with an allegation about the Rule 11 Agreement was filed on March 27, 2014, CR 162, 191, two months after the non-suit and re-filing. So if the county court's only specific complaint about Rosehurst is the Rule 11 pleading, that is not directly or temporally related to the non-suit and re-filing, but to a supplemental pleading in the district court adding a single paragraph two months later.

---

[1] Hughes did not include the Plaintiff's Original Petition filed in District Court in its Bench Brief on Sanctions or Defendants' Supplemental Brief on Sanctions or anywhere else in the record. But this Court can infer that the original petition did not contain these pleadings because neither Hughes's briefing nor the trial court's order mention anything about pleadings regarding the Rule 11 agreement until the Second Supplemental to Plaintiff's Original Petition. To remove any doubt, Rosehurst attaches a copy of the Plaintiff's Original Petition filed in the District Court as Tab D to this brief, and asks that the Court take judicial notice of it.

10

Third, if the only specific complaint is about an allegedly improper filing in the district court, that should be addressed by a motions for sanctions in the district court. The county court judge lacks jurisdiction to sanction conduct in the district court. Furthermore, if Rosehurst filed pleadings already foreclosed by a ruling in another court — which, to be clear, this pleading was not — the remedy would simply be a motion to strike that pleading in the district court, not a potential $253,000 sanction arising from a legitimate exercise of the right to non-suit and re-file.

In sum, the county court's sanctions order fails to satisfy the requirement of evidence and factual findings sufficient to warrant monetary sanctions. Instead it makes only broad conclusory findings, which this Court is not bound by, but instead can make an independent inquiry considering the entire record. *See Otis Elevator Co. v. Parmelee*, 850 S.W.2d 179, 180-81 (Tex. 1993); *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex. 1992) (orig. proceeding).

**B.** **The cases relied on by Hughes do not support sanctions against Rosehurst.**

In response to Rosehurst's argument that "not a single Texas case . . . has ever awarded monetary sanctions under these circumstances," Br. Appellant at 9, Hughes counters, "Several courts of appeals have held . . . [that] strategic nonsuits to avoid unfavorable rulings . . . may warrant sanctions." Br. Appellees at 14. Yet each of the

cases cited by Hughes is distinguishable because of conduct far worse than the simple non-suit and re-filing involved in this case.

*In re Team Rocket, L.P.*, 256 S.W.3d 257 (Tex. 2008) (orig. proceeding). As explained in Brief of Appellant, this case involved attempts to "compromise the integrity of the venue statute," *id.* at 263, after an adverse ruling under the traditional procedure for establishing venue. To prevent that attempted abuse, the supreme court reinstated the original venue determination; it did not assess sanctions. These distinctions were pointed out in Brief of Appellant. Br. Appellant at 11-12. Hughes ignored them and asserted *Team Rocket* as controlling authority without addressing the distinctions. Br. Appellees at 14.

*In re Bennett*, 960 S.W.2d 35 (Tex. 1997) (per curiam) (orig. proceeding). This case involved "a deliberate circumvention of the random assignment of cases" in Nueces County. *Id.* at 36. In a county with eight district courts, counsel filed the identical suit seventeen times before landing in the desired court and non-suiting the previous sixteen suits. Moreover, counsel "admitted . . . that the filing process he used was designed to get his clients' claims before a particular judge." *Id.* at 37. Rosehurst pointed out these distinctions in its opening brief, Br. Appellant at 17, but Hughes again cited the case as authority without addressing the distinctions. Br. Appellees at 14-16, 21.

In fact, Hughes argues that the conduct in this case was "more egregious" than that in *Bennett* because the non-suit occurred later in the case. Br. Appellees at 15-16. The *Bennett* opinion says nothing about timing being a factor, because it focused on counsel's admitted attempt to circumvent an established judicial process. And no other opinions address whether a non-suit occurred early or late in a case, because Rule 162 allows a non-suit "[a]t any time before the plaintiff has introduced all of his evidence. . . ." Tex. R. Civ. P. 162. The only timing question that matters is whether a motion for sanctions has already been filed or an adverse ruling to be circumvented already has been made at the time of the non-suit.

*Solum Eng'g, Inc. v. Starich*, No. 14-13-428-CV, 2014 WL 4262175 (Tex. App.—Houston [14th Dist.] Aug. 28, 2014, no pet. h.) (mem. op.). Here, a motion for sanctions was filed before the plaintiff non-suited the case. *Id.* at *1. The basis for the sanctions motion was not a non-suit and re-filing of the same suit, which had not happened at the time of the sanctions motion, but instead on allegations that "the suit was 'initially and improperly filed' in Fort Bend County" and the claims were "frivolous and groundless." *Id.* at *2.

*Johnson ex rel. Johnson v. Chesnutt*, 225 S.W.3d 737 (Tex. App.—Dallas 2007, pet. denied). Here, again, the motion for sanctions "was pending at the time of non-suit," *id.* at 742, and the basis of the sanctions motion was not the non-suit, but numerous discovery abuses. *Id.* at 740-41. Moreover, the sanctioned party "admitted

13

that the non-suit was a tactical effort to avoid the penalties likely to result from her failure to comply with her discovery obligations." *Id.* at 744.

*West v. Joseph*, No. 03-00-691-CV, 2001 WL 420743 (Tex. App.—Austin April 26, 2001, no pet.). This case involved a motion for sanctions based on actions the trial court described as "a course of conduct that was calculated solely to harass Joseph and needlessly increase the cost of litigation, and . . . waste[d] judicial resources." *Id.* at *3. These actions included "the filing of multiple lawsuits, admittedly unreasonable opposition to Defendant's efforts to consolidate the multiple lawsuits, and improper conduct during the discovery process." *Id.* The appellate court also concluded that the sanctioned party engaged in "a course of conduct to circumvent the judicial process." *Id.* at *4. Part of the sanctioned party's course of conduct included taking a non-suit and re-filing in a different district court. *Id.* at 3-4. But counsel admitted that "the reason for the non-suit was that he did not agree with the court's pretrial rulings." *Id.* at *4. Faced with this admission, the appellate court concluded that the party "engaged in improper forum shopping by filing his non-suit for the purposes of securing a different judge and different pretrial rulings." *Id.*

In sum, these cases share several common and important distinctions. Sanctions were allowed because of several factors not present in this case:

- Motions for sanction already pending at the time of non-suit (*Solum, Johnson*);

14

- Sanctions awarded for egregious conduct far beyond the non-suit (*Bennett*, *Solum*, *Johnson*, *West*);

- Admissions of improper motives in filing non-suit (*Bennett*, *Johnson*, *West*);

- Non-suit was obvious attempt to circumvent an established judicial statutory scheme or judicial administration practice (*Team Rocket*, *Bennett*).

None of those factors are present here.

### C. The record does not establish that Rosehurst non-suited "to avoid legal restrictions or unfavorable rulings."

In the absence of sanctions cases that fit the actions of Rosehurst, Hughes cites two non-sanctions cases for the proposition that Texas courts "look with disfavor on non-suits that are filed to circumvent legal restrictions or unfavorable rulings." Br. Appellees at 13 (citing *Bruington Eng'g Ltd. v. Pedernal Energy L.L.C.*, 403 S.W.3d 523 (Tex. App.—San Antonio 2013, no pet.); *Epps v. Fowler*, 351 S.W.3d 862 (Tex. 2011). Even if those cases were applicable, there is no evidence that Rosehurst filed the non-suit to circumvent legal restrictions or unfavorable rulings.

Hughes never argues that Rosehurst non-suited to circumvent legal restrictions. But it repeatedly argues that Rosehurst non-suited in order to circumvent two unfavorable rulings: (1) the county court's dissolution of a temporary injunction, and (2) the allegedly "pending summary judgment." *See* Br. Appellees at viii, 7-8, 9, 16-21. Both of these arguments are flawed, and the frequent repetition of them does not give them any greater validity.

15

### 1. Rosehurst did not non-suit to avoid the dissolution of the temporary injunction.

First, the motion and order dissolving the alleged temporary injunction were unnecessary and can be considered a nullity. There never was a temporary injunction order entered by the trial court as required by Rules 683-85. *See* Tex. R. Civ. P. 683-85. There was only a Rule 11 agreement between the parties agreeing to treat the temporary restraining order as a temporary injunction. *See* Supp. CR 18.

Second, the dissolution of the temporary injunction was in response to a motion based on procedural flaws with the injunction: the absence of a trial date and a bond. *See generally* Supp. CR 10-20. Rosehurst did not even file a response or otherwise contest the motion. Given that the motion to dissolve a non-existent temporary injunction was not necessary and Rosehurst did not contest, this can hardly be considered an adverse ruling.

Third, and most important, Rosehurst has not sought to undo the effects of the dissolution of the non-existent temporary injunction after non-suit and re-filing. The Second Supplemental Petition filed in District Court that Hughes points to did not seek to reinstate the injunction — it merely alleged that Hughes violated a Rule 11 agreement to be bound by the injunction and sought additional damages for breach. *See* CR 161-62. Even that allegation was a minor supplement to the action originally filed in the district court two months earlier.

16

In sum, the county court's order dissolving the non-existent injunction was not an unfavorable ruling that Rosehurst sought to circumvent by non-suiting and re-filing.

### 2. Rosehurst did not non-suit to avoid a non-existent summary judgment.

The allegedly "pending summary judgment" is not something that ever happened, nor can this Court infer that it ever would have happened. Hughes asserts that the county court's dissolution of the injunction "made clear its opinion that no great harm would result from allowing Hughes to provide service outside of the plotted easement." Br. Appellees at 17. But the court's order simply granting a motion based on two procedural grounds does not in any way express an opinion about the merits of the underlying dispute. *See* Supp. CR 21. That order cannot be relied upon as foundation from which it is "a small step" to the granting of a summary judgment on the merits. *See* Br. Appellees at 17.

In any event, this speculation about whether the county court would have made an unfavorable summary judgment ruling absent the non-suit is not relevant to the legal analysis of whether the non-suit was sanctionable. When the two cases cited by Hughes say that the courts look with disfavor on non-suits to circumvent unfavorable rulings, they each cite the same three cases involving unfavorable rulings that **already have taken place** — not anticipated rulings that might take place. *See Bruington*, 403 S.W.3d at 532; *Epps*, 351 S.W.3d at 870 (both citing *In*

17

*re Team Rocket*, 256 S.W.3d at 260 (attempt to circumvent venue determination); *In re Bennett*, 960 S.W.2d at 36 (attempt to circumvent random assignment practice); *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854 (Tex. 1995) (per curiam) (decision on motion for partial summary judgment)). Similarly, the *Bruington* case involved a failure to timely file a "certificate of merit" pursuant to section 150.002 of the Civil Practice & Remedies Code, and an attempt to extend the deadline by non-suiting and re-filing.

The only case cited by Hughes that involves a non-suit in response to an anticipated ruling on a pending motion for summary judgment is *Epps v. Fowler*. But that opinion is not about sanctions. Instead, it addresses whether the opposing party can recover under a contract that entitles a "prevailing party" to recover attorney's fees. *Epps*, 351 S.W.3d at 865. There is a substantial difference between determining who is a prevailing party for purposes of a contractually agreed exercise in fee shifting and awarding sanctions for an abuse of the judicial process.

### D. Hughes's remaining arguments are unavailing.

Hughes repeatedly accuses Rosehurst of filing a "strategic" non-suit. *See* Br. Appellee at vii, viii, 9, 13, 14, 16, 17, 19, 21. There is nothing wrong with parties or counsel making "strategic" decisions; in fact that is a large part of what parties pay counsel to do. Hughes, in effect, admits that it made its own strategic decision not to agree to a transfer because it believed it was in "a favorable forum." Br. Appellee at

18

27. "Strategic" decisions only become sanctionable when a party or counsel tries to manipulate the system to undo a decision already made in accordance with a procedure authorized by statute, rule, or procedure. That did not happen here. Rosehurst did not try to undo or circumvent the order dissolving the temporary injunction, and it did not try to undo or circumvent an existing order granting summary judgment.

Additionally, Hughes erroneously asserts that Rosehurst has contended that "the county court lacked jurisdiction" after damages increased above the jurisdictional limits, or that "the county court could not properly award the full amount of damages that Rosehurst incurred." Br. Appellee at 23 (without citation to the record or to Appellant's Brief). To the contrary, Rosehurst has never argued that it could not obtain full relief in the county court, or that it **had** to try its case in district court after its damages grew to exceed the jurisdictional limits of county court. But after that happened the two courts had concurrent jurisdiction, and Rosehurst had a choice about the court in which to litigate its claims. And it had a choice of vehicles for litigating its case in a different court. It could have, but was not required to, filed a motion to transfer. It also could non-suit its claims, at any point prior to the close of its evidence, Tex. R. Civ. P. 162, and could re-file a subsequent suit seeking the same relief. *See In re Team Rocket, L.P.*, 256 S.W.3d at 259; *Aetna Cas. & Sur. Co. v. Specia*, 849 S.W.2d 805, 806 (Tex. 1993) (orig. proceeding). The supreme court

19

has declared that the right to take a non-suit is "important and firmly rooted in the jurisprudence of our state," and that "Rule 162 should be liberally construed in favor of the right to take a non-suit." *Specia,* 849 S.W.2d 805 at 806. Sanctioning a party for exercising its right to take a non-suit is not consistent with that liberal construction.

### III. Even if sanctions were warranted, the award of attorney's fees is excessive and unsupported.

Again, if the Court agrees that no sanctions are appropriate, it need not address this argument, which is only presented in the alternative.

Rosehurst argued that Hughes should not be entitled to recover all of its attorney's fees in the county court because the case would not have to "start all over again" in the district court, as counsel repeatedly asserted at the hearing on sanctions. *See* Br. Appellant at 18-19.

In its Brief of Appellees, Hughes now backs off of the "start over again" argument it made in the county court, and instead suggests that the amount awarded is reasonable because it is less than counsel asked the court to award. *See* Br. Appellees at 28 (noting that counsel requested over $130,000, and the court awarded $78,600). Of course that alone does not mean the award was reasonable. Counsel could have asked for $1,000,000 in sanctions based on fees, and if the court had awarded $750,000, the fact that it was less than what was asked for would not make an award of $750,000 reasonable.

20

What would make the award supportable would be evidence about (1) which fees were generated for tasks that would have to be duplicated in the district court, or (2) which fees would not have been necessary if the case had been filed originally in district court. The attorney affidavit reciting that all fees incurred in the litigation thus far were reasonable and necessary does not accomplish that purpose. There is no evidence in the record to support the county court's conclusion about which fees were made necessary by first filing in county court, and would not have been necessary if the suit were originally filed in district court. In the absence of that kind of testimony, any award by the county court is necessarily based on speculation.

Additionally, the affidavit testimony about appellate attorney's fees is simply conclusory. It is best viewed in contrast to the same affidavit's discussion of attorney's fees in the county court, which describes the witness's experience as a trial lawyer, his knowledge of customary fees for trial litigation, the fourteen specific tasks that were done, and five factors enumerated in case law and the Disciplinary Rules for determining a fair fee. *See generally*, CR 95-96. The sum total of the affidavit testimony about appellate fees consists of this: "Additionally, it is my opinion that an additional $100,000.00 is a reasonable and necessary fee should this judgment be appealed to the court of appeals, plus an additional $75,000.00 should a petition for review be granted by the Texas Supreme Court." CR 97.

21

As support for the proposition that one seeking attorney's fees can simply state a number without any further explanation, Hughes cites one case: *Keith v. Keith*, 221 S.W.3d 156 (Tex. App.—Houston [1st Dist.] 2006, no pet.). But in that case, the husband's attorney testified that reasonable appellate fees would be $15,000 for the court of appeals, and $20,000 for the supreme court. *Id.* at 170. The trial judge then asked the wife's attorney what he thought would be reasonable appellate fees, and he said $7,500 for the court of appeals, and $10,000 for the supreme court. *Id.* The trial court then awarded to the husband the lower appellate attorney's fees suggested by the wife's attorney. *Id.* at n.9. Not surprisingly, this Court affirmed, noting that the wife "does not complain about her own expert's conclusion as to contingent appellate fees." *Id.*

So the *Keith* opinion does not stand for the proposition that a party seeking appellate attorney's fees can simply have their expert name a number and it must be affirmed. Instead, it stands for the proposition that when a party's expert expresses an opinion about the amount of attorney's fees that should be awarded to the opposing party, and the trial court awards the suggested numbers, that party cannot challenge their own suggested numbers on appeal.

Finally, as a point of reference it is useful to compare the amount of attorney's fees awarded in this case to the recent cases cited by Hughes in which attorney's fees were awarded as sanctions:

| | |
|---|---|
| *Keith v. Keith* | $7,500 for court of appeals<br>10,000 for supreme court |
| *West* | $14,751 for sanctions (fees in trial court as a result of improper conduct) |
| *Solum Eng'g* | $7,500 for sanctions (fees in trial court as a result of improper conduct) |
| *In re Bennett* | $10,000 each against two attorneys |
| *Rosehurst v. Hughes*<br>(this case) | Attorney's fees as sanctions in amount of:<br>$78,600 for trial court<br>$175,000 for appellate fees |

In comparison, the fees awarded in this case are excessive.

### CONCLUSION AND PRAYER

For all these reasons, Appellant Rosehurst Homeowner's Association, Inc., respectfully requests that the county court's sanction order be vacated, or, in the alternative, that it be substantially reduced. Appellant also request all other relief to which it may be entitled.

Respectfully submitted,

J. Marcus Hill
HILL & HILL, P.C.
1770 St. James Place, Suite 115
Houston, Texas 77056

Michael P. Fleming
MICHAEL P. FLEMING & ASSOCIATES
440 Louisiana, Suite 1920
Houston, Texas 77002

/s/Kevin Dubose
Kevin Dubose
State Bar No. 06150500
kdubose@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON
  & TOWNSEND LLP
1844 Harvard Street
Houston, Texas 77008
Telephone: (713) 523-2358
Facsimile: (713) 523-4553

**ATTORNEYS FOR APPELLANT**

**CERTIFICATE OF COMPLIANCE**

Based on a word count run in Microsoft Word 2013, this brief contains 4,649 words, excluding the portions of the brief exempt from the word count under Texas Rule of Appellate Procedure 9.4(i)(1).

/s/Kevin Dubose
Kevin Dubose

**CERTIFICATE OF SERVICE**

On January 5, 2015, I electronically filed this Reply Brief of Appellant with the Clerk of Court using the eFile.TXCourts.gov electronic filing system which will send notification of such filing to the following (unless otherwise noted below):

Mike Stafford
mstafford@gardere.com
Katharine D. David
kdavid@gardere.com
GARDERE WYNNE SEWELL LLP
1000 Louisiana Street, Suite 3400
Houston, Texas 77002

/s/Kevin Dubose
Kevin Dubose

**APPENDIX**

| Tab | Item |
|---|---|
| A. | Rule 11 Agreement (Supp. CR 18) |
| B. | Order declaring temporary Injunction Void (Supp. CR 21) |
| C. | Plaintiff's Second Supplement to its Original Petition (CR 161-62) |
| D. | Plaintiff's Original Petition (filed in District Court, not part of this Record) |

# HILL & HILL, P.C.

1770 St. James Place, Suite 115
Houston, Texas 77056

TELEPHONE (713) 688-6718                                                  TELECOPIER (713) 688-2817

January 5, 2011

Greg McEldowney
Haynes & Boone, LP
1221 McKinney St.
Suite 2100
Houston, Texas 77010
Telephone: 713.547.2541
Facsimile: 713.236.5678

Re:   Cause no. 980933; *Rosehurst Homeowners Association v. Hughes Natural Gas, Inc. and Real Provencher,* in the County Court at Law No. Two; Harris County, Texas

Dear Greg:

The purpose of this letter is to memorialize the rule 11 agreement at which we arrived earlier today over the telephone. We agreed that, in the above captioned matter, the Temporary Restraining Order is extended to a Temporary Injunction. The Temporary Injunction is entered into under the same terms and conditions as previously set forth in open court and in the Court's record to 90 days from January 5, 2011. The purpose of which is to schedule and hopefully resolve this matter at mediation and to obtain a trial date. If this properly sets our agreement, please sign where indicated below and return a copy of this letter to me. Thanks for your professionalism.

Best regards,

J. Marcus Hill
Attorney for the Plaintiff

Agreed per TRCP 11:

Greg McEldowney
Attorney for Defendant

**EXHIBIT**
_C_

18

CAUSE NO. 2013-14715

| | | |
|---|---|---|
| ROSEHURST HOMEOWNER'S ASSOCIATION, INC. | § | IN THE COUNTY CIVIL |
| *Plaintiff,* | § | |
| | § | |
| v. | § | COURT AT LAW NO. 2 |
| | § | |
| HUGHES NATURAL GAS | § | |
| CORPORATION AND REAL | § | |
| PROVENCHER | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

## ORDER DECLARING TEMPORARY INJUNCTION VOID

On this day, the Court having considered Defendants' Motion to Declare Temporary Injunction Void, the evidence presented, Plaintiff's response, if any, and arguments of counsel, if any, is of the opinion that the Defendants' Motion to Declare Temporary Injunction Void should be in all things GRANTED.

It is therefore, ORDERED, ADJUDGED and DECREED, that the temporary injunction in this case is VOID.

SIGNED this ___ day of **NOV 2 0 2013**, 2013.

JUDGE PRESIDING

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

FILED 2013 NOV 20 AM 9:55

Gardere01 - 6395369v.2



FILED
AT 10:39 O'CLOCK A M
DATE 7-17 20 13
Sta Stuart
CLERK COUNTY CIVIL COURTS AT LAW
By _____ DEPUTY

21

CAUSE NO. 2014-03233

| | | |
|---|---|---|
| ROSEHURST HOMEOWNERS ASSOCIATION, INC. | § § § | IN THE DISTRICT COURT |
| v. | § § | OF HARRIS COUNTY, TEXAS |
| HUGHES NATURAL GAS, INC. and REAL PROVENCHER | § § § | 129TH JUDICIAL DISTRICT |

## PLAINTIFF'S SECOND SUPPLEMENT TO ITS ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Rosehurst Homeowners Association, Inc., Plaintiff in the above entitled and numbered cause, and files this Second Supplement to its Original Petition against Hughes Natural Gas and Real Provencher, and would respectfully show the Court the following:

### I.
### DISCOVERY

As originally filed, this is a suit in which discovery will be conducted under Level 2, as provided in Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### SUPPLEMENT

Plaintiff brings its second supplement to allege a violation of the Rule 11 agreement entered into by the parties on January 5, 2011. Per the agreement, the injunction would remain effective until "the trial date to be set in this matter." *See* attached Ex. A. The parties separately indicated their agreement to this handwritten term by initialing it. *Id.* Despite the agreement, Defendants subsequently filed a motion declaring the temporary injunction void, and citing as its reason, the fact that its duration was not "limited by a specific trial date." *See* attached Ex. B. The mere allegation, that a term to which the Defendants expressly and separately agreed also served to invalidate the agreement is both disingenuous and a material breach. Accordingly, Plaintiff's



EXHIBIT
A

request damages for additional trespasses and attorney's fees it incurred as a result of the breach of the agreed injunction.

## III.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays all relief previously sought in Plaintiff's Original Petition as originally filed, for damages and attorney's fees related to the breach of the Rule 11, and for such other and further relief to which this Court may deem just and right.

Respectfully submitted,

/s/ J. Marcus Hill
J. Marcus "Marc" Hill
Hill & HILL, P.C.
TBN 09638150
1770 St. James Place, Suite 115
Houston, Texas 77056
Telephone: 713-688-6318
Facsimile: 713-688-2817

### CERTIFICATE OF SERVICE

I certify that, pursuant to Rule 21a of Texas Rules of Civil Procedure, a true and correct copy of the above and foregoing has been sent to all counsel and pro se parties on this the 27th day of March, 2014 either via hand delivery and/or via facsimile and/or via certified mail return receipt requested.[1]

/s/ J. Marcus Hill
J. Marcus Hill

Mike Stafford                     via eservice and facsimile
Katharine D. David                via eservice and facsimile
Jared A. Wilkerson
1000 Louisiana Street, Suite 3400
Houston, Texas 77002-5011
Phone: 713-276-5500
Fax:    713-276-5555
mstafford@gardere.com
kdavid@gardere.com

---

[1] rule21hill.hillemailroomonly@gmail.com

**162**

CAUSE NO. _____

| ROSEHURST HOMEOWNERS | ' | IN THE DISTRICT COURT OF |
| ASSOCIATION, INC. | | |
| | | |
| v. | ' | HARRIS COUNTY, TEXAS |
| | ' | |
| HUGHES NATURAL GAS, INC and | ' | |
| REAL PROVENCHER | ' | _____ JUDICIAL DISTRICT |

PLAINTIFF'S ORIGINAL PETITION
AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ROSEHURST HOMEOWNERS ASSOCIATION, INC. (hereinafter called "Plaintiff") and files this, its Original Petition against HUGHES NATURAL GAS, INC., AND REAL PROVENCHER (hereinafter called "Defendant" or sometimes The Defendants) and for cause of action would respectfully show the court as follows:

## A. DISCOVERY-CONTROL PLAN

1.      Plaintiff intends to conduct discovery under Level 2 of the Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit does not fall under the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief in excess of $100,000.

## B. RELIEF

2.      Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. Tex. R. Civ. P. 47(c)(4).

## C. PARTIES

3.      Plaintiff, Rosehurst Homeowners Association, is a Texas corporation with offices in Harris County, Texas.

4.      Defendant, Hughes Natural Gas, Inc. is a Texas corporation whose principal place of business in Texas is, on information and belief, in Houston, Harris County, Texas and may be served with citation by serving its registered agent, and Real Provencher is an individual which may

be served at his place of business 31830 Texas Highway 249 in Pinehurst, Texas or wherever he may be found.

## D. JURISDICTION AND VENUE

5. The court has jurisdiction over the Defendant Hughes Natural Gas, Inc. because it is a Texas Corporation doing business in Houston, Harris County, Texas and Defendant Real Provencher because, on information and belief, he is a Texas resident.

6. Venue is proper in Harris County, Texas, because the property made the basis of this suit is located in Harris County, Texas.

## E. FAIR NOTICE OF FACTS IN THE CASE

7. During all the times mentioned herein and at the commencement of this action, Plaintiff, Rosehurst Homeowners Association, Inc. is and has been the owner in possession of certain real property (hereinafter sometimes referred to as the "property") being a 116.25 acre tract of land in the Solomon Brown Survey, A-7 Harris County, Texas. As found in the Official Public Records of Real Property of Harris County, Texas.

8. In late 2010, unbeknownst to and against the will of Plaintiff, Defendants willfully and negligently commenced constructing a pipeline in, on and under the property made the basis of the suit, causing physical damage in, on, and under the property by the laying of a pipeline and the use of the land in connection therewith without the permission of the landowner and outside of designated easements. As such injuring the private property of the Plaintiff.

## F. COUNT ONE: TRESPASS

9. Plaintiff incorporates herein by reference the allegations in paragraphs one through eight above. In doing the acts herein alleged, Defendants willfully trespassed on Plaintiff's property, in 2010, 2011, 2012, 2013 and 2014, despite being told to and agreeing to cease and desist. Defendants trespass is ongoing and constitutes a continuing-tort.

## IN THE ALTERNATIVE: NEGLIGENCE

10.    The actions complained of by the Defendants were committed, in the alternative, due to the negligence of the Defendants and the damages requested in paragraph one through seven are incorporated herein.

## G. COUNT TWO: WANTON DISREGARD OF PLAINTIFF'S RIGHTS

11.    Plaintiff incorporates herein by reference the allegations in paragraphs one through ten above.  In doing the acts herein alleged, Defendants acted intentionally and maliciously with willful, wanton disregard of the Plaintiff's rights, all for which it now seeks relief.  Defendants' acts were committed by a company and an individual without attempting to acquire proper authorization, despite written requests to cease and desist damaging Plaintiff's property.

12.    The Defendants' acts subject them to punitive or exemplary damages for which Plaintiff seeks judgment against Defendants for each and every day they trespassed on the property along with pre-judgment and post judgment interest at the highest rate allowed by law, costs of court, plus its attorneys' fees, all as a measure of punitive damages. for harm caused by defendants' gross negligence under Texas Civil Practice & Remedies Code section 41.003(a)(3), as defined by section 41.001(11).

## OR IN THE ALTERNATIVE

13.    Plaintiff, Rosehurst Homeowners Association seeks 20% of the Defendants net worth along with pre-judgment and post judgment interest at the highest rate allowed by law, costs of court, plus its attorneys' fees, all as a measure of punitive damages.

## H. COUNT THREE: BREACH OF CONTRACT

14. Plaintiff adopts and incorporates by reference the allegations in paragraphs one through 13 above.

15. During all the times mentioned herein and at the commencement of this action, Plaintiff, Rosehurst Homeowners Association, Inc. is and has been the owner in possession of certain real property being a 116.25 acre tract of land in the Solomon Brown Survey, A-7 Harris County, Texas. As found in the Official Public Records of Real Property of Harris County, Texas.

16. Boyer, Inc., developer for Rosehurst Subdivision, and Defendant, Hughes Natural Gas Corporation's predecessor, Capital Gas Distribution, Inc. ("Capital Gas"), executed a valid and enforceable written contract on September 5, 2002, attached hereto as Exhibit A, and incorporated by reference. In consideration of Boyer, Inc.'s payment of $13,500.00, attached hereto as Exhibit B, the Contract provided that Capital Gas was to install a pipeline system that was to provide gas service to the residents of Rosehurst subdivision and that Capital Gas would be the sole owner of the lines and responsible for their maintenance.

17. The contract provided for specific locations where the lines were to be installed. Defendants failed to install the lines in the locations originally agreed to, and Rosehurst is the beneficiary/successor to Boyer, Inc. in the Contract.

18. Plaintiff fully performed Plaintiff's contractual obligations.

19. Defendants intentionally, willfully, wantonly and with gross negligence, actual malice or fraud breached the contract.

20. Defendants' breach caused injury to plaintiff, which resulted in damages.

21. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

22.     Defendants' breach of contract proximately caused injury to Plaintiff, which resulted in the following damages:

   a. Loss in value, which is the reasonable and necessary costs of completing the job or remedying the defects;

   b. Loss in value, which is the full contract price less the cost of remedying the defects;

   c. Cost of delay in performance, which is the amount plaintiff incurred as a result of the delay in performance caused by the breach of contract;

   d. Cost of mitigation of damages, which is the amount plaintiff incurred in attempting to mitigate its damages after the breach of contract;

   e. Cost of substitute performance, which is the amount plaintiff incurred in procuring substitute performance from another party after the breach of contract;

   f. Reliance damages, which are expenditures made by plaintiff in reliance on the contract;

   g. Restitution damages, which is the reasonable value of the materials supplied or the services rendered;

   h. Prejudgment and postjudgment interest at the highest rate allowed by law;

   i. Costs of suit;

   j. Exemplary damages;

   k. Reasonable and necessary attorney's fees; and Temporary rents from the time Defendants entered the property of judgment until the pipeline is removed.

## I. COUNT FOUR: PROMISSORY ESTOPPEL

23. Plaintiff adopts and incorporates by reference the allegations in paragraphs one through 22 above. Defendant, Hughes Natural Gas Corporation's predecessor, Capital Gas Distribution, Inc. promised Boyer, Inc., as developer for Rosehurst Subdivision, that it would supply natural gas to the Rosehurst Subdivision and would be responsible for furnishing, installation and maintenance of the gas system.

24. Plaintiff relied on Defendants' promise by tendering to Defendant a check in the amount of $13,500.00. Because of the nature of the promise, Plaintiff's reliance was both reasonable and substantial.

25. Defendants knew, or reasonably should have known, that Plaintiff would rely on Defendants' promise.

26. Only if Defendants' promise is enforced can injustice to Plaintiff be avoided.

27. Plaintiff's reliance on Defendants' promise resulted in injury to plaintiff, which caused damages, among others, the necessity of installing a temporary tank on the property of a purchased lot.

28. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

## J. COUNT FIVE: FRAUD

29. Plaintiff adopts and incorporates by reference the allegations in paragraphs one through 28 above. Defendants made a false representation of fact to Plaintiff by representing that the line that constituted the continuing trespass had been removed, when in fact it had not.

## K. ATTORNEY'S FEES

30. Plaintiff is entitled to recover reasonable and necessary attorney fees.

## L. CONDITIONS PRECEDENT

31.     All conditions precedent to plaintiff's claim for relief have been performed or have occurred and this statement is made per TRCP 54.

## M. DEMAND FOR JURY

32.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## N. REQUEST FOR DISCLOSURE

33.     Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## PRAYER

34.     For these reasons, Plaintiff, Rosehurst Homeowner's Association, Inc. asks that Defendants, Hughes Natural Gas Corporation and Real Provencher be cited to appear and answer and that Plaintiff have judgment against Defendants for the following (plead in the alternative as necessary):

   a. Damages including but not limited to temporary rents and/or diminution in fair market value of the property;

   b. Prejudgment and postjudgment interest at the highest rate allowed by law;

   c. Costs of suit;

   d. Exemplary damages; and

   e. Reasonable and necessary attorney's fees.

Respectfully submitted,

HILL & HILL, P.C.


By:    /s/ J. Marcus Hill
        J. Marcus Hill
        Texas Bar No. 09638150
        1770 St. James Place, Suite 115
        Houston, Texas 77056
        Telephone: (713) 688-6318
        Telecopier: (713) 688-2817
        Attorney for Plaintiffs